[Cite as *State v. Campbell*, 2016-Ohio-598.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : Appellate Case No. 26575 |
| Plaintiff-Appellee | : |
| | : Trial Court Case No. 14-CR-3261 |
| v. | : |
| | : (Criminal Appeal from |
| GWENDOLYN D. CAMPBELL | :  Common Pleas Court) |
| | : |
| Defendant-Appellant | : |
| | : |

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of February, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 North Ludlow Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Gwendolyn Campbell appeals from her conviction and

sentence for Robbery. Campbell contends that her conviction is against the manifest

weight of the evidence, and that the evidence is insufficient to support the conviction.

{¶ 2} We conclude that the conviction is not against the manifest weight of the evidence, and that the evidence is sufficient to support the conviction. Therefore, the judgment of the trial court is Affirmed.

## I. Shoplifting Leads to Robbery Indictment

{¶ 3} The robbery occurred at the Shell Gas Station located at 1224 South Main Street, Dayton, Ohio. The store manager, Swaran Sidhu, testified that he observed Campbell place items in her purse, and suspected her of shoplifting. Sidhu confronted her, and an argument ensued over the items in her purse and her obligation to purchase them. Sidhu testified that Campbell said that she was not going to pay him, so he tried to grab a beer out of her purse. Sidhu's arm was scratched in the struggle. A store surveillance video shows that after Sidhu had retrieved the beer out of Campbell's purse, she pulled a box cutter out of her purse. Sidhu testified that he did not see the box cutter, but he heard Campbell threaten to kill him. Sidhu testified that Campbell then grabbed another item and left the store, without paying for the items she took. The video depicts Campbell taking items after she entered the store and as she was exiting the store. At no time was Campbell given permission to take any items out of the store without payment.

{¶ 4} Sidhu contacted the police, who quickly found Campbell in an alley near the store and arrested her. At the time of her arrest, the police found a box cutter on the ground near Campbell, and she admitted that the box cutter was used to threaten Sidhu. Campbell claimed that she had purchased the items in her purse from another store, and that she pulled the box cutter on him because she believed he was going to hurt her.

The arresting officers testified that they found in close proximity to Campbell a nearly empty Margarita bottle, and an open beer can with a straw in it. The straw had lipstick on it matching the lipstick Campbell was wearing at that time. They also found several candy bars in Campbell's purse, which Sidhu identified as the items Campbell had taken from the store.

## II. The Course of Proceedings

{¶ 5} Campbell was indicted on one count of Robbery (physical harm), a felony of the second degree, in violation of R.C. 2911.02(A)(2). The case was presented to a jury, which returned a verdict of guilty. Campbell was sentenced to serve five years of imprisonment. From her conviction and sentence, Campbell appeals.

## III. Standard of Review

{¶ 6} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991), paragraph two of the syllabus. The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

**{¶ 7}** In *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, we observed that, "a weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *Id.* at ¶ 12.   The proper test to apply to that inquiry is the one set forth in *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983), as follows:

> [T]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

**{¶ 8}** "In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is 'against,' that is, contrary to, the manifest weight of the evidence presented. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level."   *Wilson* at ¶14.

### IV. The Conviction Is Supported by Sufficient Evidence and Is Not Against the Manifest Weight of the Evidence

**{¶ 9}**   For her sole assignment of error, Campbell asserts:

> THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE EVIDENCE PRESENTED WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE APPELLANT'S

GUILT BEYOND A REASONABLE DOUBT

**{¶ 10}** To prove that Campbell committed the offense of Robbery as charged under R.C. 2911.02(A)(2), the State was required to prove, beyond a reasonable doubt, that Campbell committed a theft offense and that in committing the theft offense she inflicted, attempted to inflict, or threatened to inflict physical harm to another. The mens rea element of this Robbery offense is satisfied if the State proves the culpable mental state of the theft offense. *State v. Tolliver*, 140 Ohio St. 3d 420, 2014-Ohio-3744, 19 N.E.3d 870. To prove the offense of Theft, the State was required to prove, beyond a reasonable doubt, that Campbell knowingly exerted control over the property of another with the purpose to deprive the owner of that property without the owner's consent. R.C. 2913.02(A)(1). The State was required to prove that Campbell acted purposely by acting with a specific intent to deprive the owner of property. R.C. 2901.22(A). The State could prove Campbell's intent to deprive the owner of property by establishing that Campbell took property without giving proper consideration or payment, or without reasonable justification or excuse for not giving proper consideration or payment. R.C. 2913.01(C). The Ohio Revised Code does not define what constitutes "reasonable justification or excuse" as applied to this element of a theft offense. Therefore, the jury was permitted to determine from the evidence, based on their collective experience and common sense, whether Campbell's failure to pay for the items taken from the store was reasonably justified or excused.

**{¶ 11}** Campbell argues that the State failed to prove, beyond a reasonable doubt, that she purposely committed a theft offense because her purpose in leaving the store, without paying for items taken from the store, was not to deprive the owner of property,

but was to defend or protect herself from his aggression toward her. Campbell further contends that another reasonable inference can be drawn that Campbell was reasonably justified in leaving without payment, because the store manager blocked her path and did not afford her the opportunity to go to the checkout and pay for the items.

{¶ 12} Our review of the evidence, including our viewing of the surveillance video, leads us to conclude that sufficient evidence was presented to allow a jury to find, beyond reasonable doubt, that Campbell purposely committed a theft offense by taking items from the store, and leaving the store with the knowledge that she did not have consent of the owner, or a justifiable excuse for leaving the store without making payment for the items. There is also sufficient evidence, from the testimony of the victim and from the officers who heard admissions from Campbell, that during the theft offense Campbell threatened to harm the victim, to prove the additional elements of Robbery.

{¶ 13} Reviewing the record as a whole, we also conclude that the evidence does not weigh heavily against a conviction, and that the jury did not lose its way in choosing to believe the State's witnesses and making reasonable inferences supporting their guilty verdict from their view of the surveillance video and consideration of all the evidence. We conclude that a manifest miscarriage of justice has not occurred, and that Campbell's conviction for Robbery is not against the manifest weight of the evidence.

{¶ 14} Campbell's sole assignment of error is overruled.


## V. Conclusion

{¶ 15} Campbell's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .


FROELICH and HALL, JJ., concur.


Copies mailed to:

Mathias H. Heck
Christina E. Mahy
Jeffrey T. Gramza
Hon. Mary L. Wiseman