[Cite as *State v. Armstrong*, 2017-Ohio-8715.]

THE COURT OF APPEALS OF OHIO

TENGTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-410 |
| | | (C.P.C. No. 14CR-5938) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Clare Armstrong, | : | |
| Defendant-Appellant. | : | |

---

## D E C I S I O N

### Rendered on November 28, 2017

---

**On brief**: *Michael DeWine*, Attorney General, *Anthony J. Molnar*, *William C. Greene*, and *Darcy T. Cook*, for appellee. **Argued**: *Anthony J. Molnar*.

**On brief**: *Peterson, Conners, Swisher & Peer LLP*, and *Gregory S. Peterson*, for appellant. **Argued**: *Gregory S. Peterson*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Clare Armstrong, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following her entry of an "*Alford*"[1] plea of guilty to one count of forgery.

{¶ 2} On November 7, 2014, appellant was indicted on three counts of forgery, in violation of R.C. 2913.31(A) (all felonies of the fifth degree), and two counts of tampering with records, in violation of R.C. 2913.42(A) (both felonies of the third degree). The indictment alleged in part that appellant had aided and abetted with others in preparing

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

documents containing the forged signature of Steven L. Hitchens, purporting to verify his attendance at continuing education courses for nursing home administrators.

{¶ 3}   On September 8, 2015, appellant filed a motion to dismiss the indictment, asserting in part that plaintiff-appellee, State of Ohio, was limited to charging her with respect to the penalties for fraud found under R.C. Chapter 4751, including the provisions of R.C. 4751.09 and 4751.99, based on the fact the alleged conduct was related to the renewal of a nursing home administrator license of appellant's employer, Hitchens.  On September 18, 2015, the state filed a memorandum contra.  On February 11, 2016, the trial court conducted a hearing on the motion.  By decision and entry filed February 19, 2016, the court denied appellant's motion to dismiss the indictment.

{¶ 4}   On May 2, 2016, appellant entered an "*Alford*" plea of guilty to one count of forgery, in violation of R.C. 2931.31(A), a felony of the fifth degree.  The entry of guilty plea indicated that the parties jointly recommended to the trial court a sentence of community control.  By judgment entry filed May 3, 2016, the trial court imposed a sentence of three years community control.

{¶ 5}   On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRORED IN DENYING APPELLANT'S MOTION TO DISMISS BASED UPON COMPREHENSIVE STATUTORY PROCEDURE PROVIDED BY O.R.C. CHAPTER 4751.
>
> [II.] THE TRIAL COURT ERRORED IN DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT AS VIOLATING THE DUE PROCESS CLAUSES OF THE CONSTITUTIONS OF THE UNITED STATES AND STATE OF OHIO.

{¶ 6}   Appellant's two assignments of error are interrelated and will be considered together.  Under these assignments of error, appellant asserts the trial court erred in denying her motion to dismiss the indictment on both statutory and due process grounds.

{¶ 7}   At the outset, we note the state raises an argument as to whether appellant has preserved the right to appeal the rulings of the trial court as set forth in her assignments of error.  Specifically, the state maintains that appellant waived her right to

challenge the trial court's denial of her pre-trial motion to dismiss by entering an *Alford* plea of guilty to one count of forgery pursuant to a plea agreement with the state.

{¶ 8}   In general, "if a defendant enters a guilty plea, such plea acts as a waiver of an individual's right to raise most issues on appeal." *State v. Benman,* 10th Dist. No. 03AP-1012, 2004-Ohio-3935, ¶ 12.  *See also State v. Legg,* 4th Dist. No. 14CA23, 2016-Ohio-801, ¶ 12 ("a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings").

{¶ 9}   As noted under the facts, appellant entered an *Alford* plea of guilty based on *North Carolina v. Alford,* 400 U.S. 25 (1970).  This type of plea "is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial." *Benman* at ¶ 12.  Ohio courts have "recognized that an *Alford* plea is 'a species of a guilty plea, which, in effect, waives a defendant's right to raise most issues on appeal.' " *State v. Gilmer,* 6th Dist. No. L-12-1079, 2013-Ohio-3055, ¶ 6, quoting *State v. Ware,* 6th Dist. No. L-08-1050, 2008-Ohio-6944, ¶ 12.  *See also State v. Darks,* 10th Dist. No. 05AP-982, 2006-Ohio-3144, ¶ 14, quoting *State v. Carter*, 124 Ohio App.3d 423, 429 (2d Dist.1997) ("An *Alford* plea is 'merely a species of a guilty plea, having the effect of waiving [a defendant's] right to appeal.' ").

{¶ 10} In arguing appellant waived the right to raise the issues presented on appeal, the state relies on case law generally holding that a plea of guilty waives a defendant's ability to challenge the denial of pretrial motions.  *See, e.g., Huber Heights v. Duty,* 27 Ohio App.3d 244 (2d Dist.1985) (declining to reach merits of trial court's failure to grant motion to suppress where defendant entered guilty pleas to offenses); *State v. McPherson,* 8th Dist. No. 82558, 2004-Ohio-5202, ¶ 5 ("By entering a guilty plea, defendant waived his right to appeal the court's rulings on pretrial motions."); *State v. Mastice,* 2d Dist. No. 10154 (June 8, 1987) (defendant's guilty plea operated as a waiver of claimed errors by trial court in overruling pretrial motions to suppress evidence and for separate trials).

{¶ 11} In response to the state's waiver argument, appellant contends the issues raised in her appeal implicate the trial court's subject-matter jurisdiction which, appellant notes, cannot be waived.  *See, e.g., State v. Kremer,* 3d Dist. No. 15-05-05, 2006-Ohio-

736, ¶ 5 ("Subject matter jurisdiction refers to the authority of the court to hear a matter and may not be waived.").

{¶ 12} Specifically, appellant argues the trial court lacked subject-matter jurisdiction to accept the plea in this case based on her contention that the state, pursuant to R.C. 1.51, could only have charged her with a misdemeanor under a special provision of R.C. Chapter 4751 (i.e., R.C. 4751.09) rather than with a felony under a general criminal provision (i.e., forgery under R.C. 2913.31 and/or tampering with records under R.C. 2913.42).[2]  As such, appellant maintains that her guilty plea did not waive the issue of whether she could only have been charged under a special statutory provision.

{¶ 13} Even assuming that appellant's *Alford* plea of guilty did not waive the issues presented, we find unpersuasive appellant's contention that she could only have been charged with a misdemeanor under R.C. 4751.09.  As indicated, appellant's argument is predicated on her contention that R.C. Chapter 4751, pertaining to the requirements for the administration of nursing homes (including licensure), is a special statutory provision that prevails over conflicting general criminal code provisions.

{¶ 14} In considering the interpretation of statutes "and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination."  *State v. Sufronko,* 105 Ohio App.3d 504, 506 (4th Dist.1995).  Under Ohio law, "[p]rinciples of statutory construction require that specific statutory provisions prevail over conflicting general statutes."  *Id.,* citing *State v. Volpe,* 38 Ohio St.3d 191, 193 (1988).

{¶ 15} R.C. 1.51 states as follows:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

---

[2] Under Ohio law, a court of common pleas "has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment." *State v. Hillman,* 10th Dist. No. 06AP-1230, 2008-Ohio-2341, ¶ 41. While appellant challenges whether the state could charge her under a general provision based on her contention that a more special provision prevails, we do not construe appellant's argument as otherwise challenging the jurisdiction of the trial court over the charged offenses (i.e., felony fifth-degree forgery and felony third-degree tampering with records).

{¶ 16} In *State v. Chippendale,* 52 Ohio St.3d 118 (1990), the Supreme Court of Ohio "provided a framework in which to analyze a conflict between general and special provisions." *State ex rel. Dublin Sec. v. Ohio Div. of Sec.,* 68 Ohio St.3d 426, 430 (1994). Specifically, the court in *Chippendale* held in part:

> [I]t is critical in the first instance to determine whether the statutes upon which the prosecution seeks to proceed are general, special or local. If the statutes are general and do not involve the same or similar offenses, then R.C. 1.51 is inapplicable.
>
> However, if one of the statutes is general and one specific and they involve the same or similar offenses, we must then ask whether the offenses constitute allied offenses of similar import.
>
> To summarize, R.C. 1.51 comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime. When this is the case, we must proceed with our analysis of R.C. 1.51.

*Id.* at 120.

{¶ 17} Thus, a conflict arises "when the same conduct receives different penalties under two different statutes." *State v. Hardy,* 2d Dist. No. 27158, 2017-Ohio-7635, ¶ 49. However, if the offenses "are not allied offenses of similar import they are not irreconcilable under R.C. 1.51." *Id.*

{¶ 18} In determining whether offenses are allied offenses of similar import, "the Ohio Supreme Court held that courts must evaluate 'the conduct, the animus, and the import.' " *State v. Stewart,* 10th Dist. No. 16AP-884, 2017-Ohio-7840, ¶ 43, quoting *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. In *Ruff,* at paragraph three of the syllabus, the Supreme Court held that, pursuant to R.C. 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus."

{¶ 19} With respect to the charged offenses in the instant case, R.C. 2913.31 sets forth the elements of forgery, and states in part as follows:

(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

(1)  Forge any writing of another without the other person's authority;

(2)  Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;

(3)  Utter, or possess with purpose to utter, any writing that the person knows to have been forged.

{¶ 20} Appellant was also charged with (but did not enter a plea to) the offense of tampering with records, pursuant to R.C. 2913.42, which states as follows:

(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:

(1)  Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;

(2) Utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section.

{¶ 21} R.C. Chapter 4751 governs nursing home administrators, including licensing requirements.  R.C. 4751.09(A) states that "[n]o person shall * * * [s]ell or fraudulently obtain or furnish any license, or temporary license, or aid or abet therein."[3]

{¶ 22} Appellant asserts that R.C. Chapter 4751 sets forth a comprehensive special statutory procedure, including a provision addressing fraud.  Appellant further contends the offenses set forth in the nursing home licensing statute and the general criminal code are allied offenses of similar import and were committed with the same animus.  Thus, appellant argues, the trial court erred in denying the motion to dismiss the indictment charging the more general felony offenses of forgery and tampering with records.

---

[3] R.C. 4751.99 sets forth the penalties for a violation of R.C. 4751.09, and states as follows: "Whoever violates section 4751.02 or 4751.09 of the Revised Code may be fined not more than five hundred dollars for the first offense; for each subsequent offense such person may be fined not more than five hundred dollars or imprisoned for not more than ninety days, or both."

{¶ 23} In response, the state argues that R.C. 4751.09(A) is not a special or local provision in relation to the charged offenses, nor are the charged offenses of forgery and tampering with records allied offenses of similar import with R.C. 4751.09(A). In support of its argument, the state relies in part on this court's decision in *Columbus v. Clark,* 10th Dist. No. 14AP-719, 2015-Ohio-2046.

{¶ 24} In *Clark,* the appellant was convicted and sentenced in municipal court for resisting arrest under Columbus General Offenses Code 2321.33. On appeal, the appellant challenged her conviction, asserting that "principles of statutory construction require the specific statutory provision that addresses resisting enforcing officials in traffic situations, City Traffic Code 2109.03, 'prevail' over the general resisting arrest statute, City General Offenses Code 2321.33, because both sections provide different penalties for the same conduct." *Id.* at ¶ 13. The appellant in *Clark* argued that her conviction was in violation of the Supreme Court's decision in *Volpe*, which she cited "for the rule that '[w]ell-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes.' " *Id.* at ¶ 17, quoting *Volpe* at 193.

{¶ 25} In considering the applicable law and statutes, this court held in part:

> We find the character of these two statutes, compared, do not fit the mold of "general" and "special or local" provisions and, therefore, do not trigger an analysis under R.C. 1.51. City General Offenses Code 2321.33 includes the element of reckless or forceful behavior and the element of lawful arrest, both which are unnecessary for conviction under City Traffic Code 2109.03. Even if characterized as a general and a specific statute, they are not "irreconcilable" and can be construed "so that effect is given to both." R.C. 1.51. Specifically, each statute provides a different penalty for a different course of conduct. * * * City General Offenses Code 2321.33 addresses resisting situations in any context where the person uses force or acts recklessly, while City Traffic Code 2109.03 addresses resisting situations in traffic contexts where the person does not use force or act recklessly. The slightly harsher penalty attached to City General Offenses Code 2321.33 reflects a higher degree of culpability attached to a person's use of force or reckless behavior.

*Clark* at ¶ 23.

{¶ 26} The state argues that, similar to *Clark,* R.C. 4751.09 does not contain the same culpability or mens rea required for the charged offenses.  We agree.

{¶ 27} As set forth above, R.C. 2913.31 provides in part that "[n]o person, with *purpose* to defraud, or *knowing* that the person is facilitating a fraud, shall * * * [f]orge any writing so that it purports to be genuine when it is actually spurious," or "[u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." (Emphasis added.)  Thus, the culpable mental state under R.C. 2913.31 is "purpose" or "knowing."  *See also State v. Brown,* 2d Dist. No. 10403 (Jan. 20, 1988) ("A necessary element of forgery is that it be accompanied by a purpose to defraud or the knowledge that it is facilitating a fraud.").  Similarly, tampering with records requires the mental state of "knowing" and "purpose."  *See, e.g., State v. Hayes,* 7th Dist. No. 07-MA-134, 2008-Ohio-4813, ¶ 67 ("In order to commit a violation of [R.C.] 2913.42(A)(1), the offender must act knowingly and with the purpose to defraud.").

{¶ 28} By contrast, R.C. 4751.09 does not state a mens rea or culpable mental state. Under Ohio law, "[s]ituations involving strict liability and statutes that do not discuss culpability" are addressed under R.C. 2901.21.[4]  *State v. Stansell,* 2d Dist. No. 23630, 2010-Ohio-5756, ¶ 15.  In this respect, R.C. 2901.21 provides a rule "for determining whether statutes not specifying any culpable mental state impose strict liability or instead require some level of culpability, that is, recklessness."  *State v. Tolliver,* 140 Ohio St.3d 420, 2014-Ohio-3744, ¶ 14.  Thus, pursuant to the provisions of R.C. 2901.21, where a statute is silent as to a culpable mental state, the statute "imposes either strict criminal liability or, at most, requires the state to prove that an accused acted recklessly."  *State v. Frey,* 166 Ohio App.3d 819, 2006-Ohio-2452, ¶ 17 (4th Dist.).  *See also State v. Ferguson,* 2d Dist. No. 08CA0050, 2011-Ohio-4285, ¶ 27 (noting that where statute "is silent as to any culpable mental state," and "does not plainly indicate a purpose to impose strict liability, * * * recklessness is the default culpable mental state that applies").

---

[4] R.C. 2901.21(B) states in part: "When language defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense."  R.C. 2901.21(C)(1) states: "When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly."

{¶ 29} In the present case, in denying appellant's motion to dismiss, the trial court determined that the charging statutes had a different mens rea or level of culpability than R.C. 4751.09. We agree, as the charged offenses set forth a mens rea of purpose or knowingly, while R.C. 4751.09 implicates a lesser mens rea of recklessness (or is a strict liability offense that has no mens rea). Moreover, the offense of forgery requires the forging of a "writing" (or the uttering of a "writing"),[5] whereas the plain language of R.C. 4751.09, which proscribes the act of fraudulently obtaining a license, does not require a writing (or document) with respect to the fraudulent conduct. Thus, a violation of R.C. 4751.09 would not necessarily result in a violation of either R.C. 2913.31 or 2913.42.

{¶ 30} Because the charging statutes do not contain the same mens rea or culpability as R.C. 4751.09, nor do they prohibit the same conduct, we agree with the state that they are not allied offenses of similar import. As such, and "[e]ven if categorized as a general and a specific statute," the statutes at issue are not irreconcilable and "do not trigger an analysis under R.C. 1.51." *Clark* at ¶ 23. Accordingly, the trial court did not err in failing to grant appellant's pretrial motion to dismiss the indictment on statutory grounds.

{¶ 31} We also find no merit with appellant's contention that the trial court erred in failing to dismiss the indictment on due process grounds. Appellant points to language in an administrative application form for annual license renewal which contained a warning that misrepresentation or falsification on the application may result in suspension or revocation of a nursing home administrator license. According to appellant, the state's attempt to impose a more severe criminal consequence than that set forth in the application was a violation of fundamental due process. We disagree.

{¶ 32} In general, "the decision whether or not to prosecute and what charge to file or bring" rests within the discretion of the prosecutor. *State v. Cecil*, 10th Dist. No. 84AP-999 (Oct. 17, 1985). Accordingly, a prosecutor's "charging discretion" is ordinarily beyond the purview of appellate review "so long as the complaints and indictments are based on

---

[5] Tampering with records, pursuant to R.C. 2913.42, similarly requires a "writing" or "record." Further, third-degree tampering with records, as charged in the indictment in the instant case, restricts "the type of statements proscribed to writings, computer software, data, or records which are kept by a government entity." *State v. Chandler,* 11th Dist. No. 2015-T-0033, 2016-Ohio-1017, ¶ 20.

the statutory elements of the offense." *State v. Ziegelhofer,* 6th Dist. No. WD-02-038, 2003-Ohio-1404, ¶ 12.

{¶ 33} The fact that a defendant's conduct may violate more than one statute "does not force the state to prosecute [such defendant] under the lesser statute." *State v. Cooper,* 66 Ohio App.3d 551, 553 (4th Dist.1990). Further, the fact that a prosecutor "may be influenced by the penalties available upon conviction, * * * standing alone, does not give rise to a violation of the * * * Due Process Clause." *United States v. Batchelder,* 442 U.S. 114, 125 (1979). Nor is the state "required to proceed against a defendant under a specific statute where the specific and general statute 'each provides a different penalty for a different course of conduct' and are therefore reconcilable." *Clark* at ¶ 19, quoting *State v. Culwell,* 10th Dist. No. 96APA04-504 (Nov. 26, 1996).

{¶ 34} In the instant case, appellant does not contend she did not have fair notice of the charged offenses under the indictment. Further, we have previously noted that R.C. 4751.09 and the charging statutes do not prohibit identical conduct. We also find unpersuasive appellant's contention that, based on her reliance on warning language on an application form pertaining to licensed nursing home administrators, she could not have been aware that a scheme to forge (0r conspire to forge) attendance records could subject her to criminal liability under Ohio's felony forgery statute. Even accepting that appellant relied on language set forth in an administrative application form as somehow limiting her potential criminal liability, appellant cites no authority for the proposition that the state was estopped, on due process grounds, from pursuing a prosecution for forgery (or complicity to commit forgery) under such circumstances. On review, the trial court did not err in failing to grant the motion to dismiss the indictment as violative of due process.

{¶ 35} Based on the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____