[Cite as *State v. Swift*, 2023-Ohio-1435.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 9-22-17

      v.

KEVIN ST. JAMES SWIFT,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 21-CR-342

Judgment Affirmed

Date of Decision: May 1, 2023

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Raymond A. Grogan, Jr.* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Kevin St. James Swift, appeals the March 25, 2022 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} On August 1, 2021, several officers from the Marion Police Department were dispatched to Swift's residence to arrest him in connection to a domestic dispute. On their arrival, Swift initially refused to exit his residence. When Swift did eventually open his door to the officers, he did not cooperate. A stand-off ensued, with Swift stalling for 30-45 minutes. During this time, Swift grew belligerent with the officers. After a while, one of the officers reached through Swift's doorway, grabbed Swift's exposed arm, and attempted to pull him from the residence in order to effectuate an arrest. Swift physically resisted, and he was handcuffed and taken into custody only after a taser was deployed against him. During the struggle, one of the arresting officers strained his groin. The officer subsequently sought medical attention for his injury.

{¶3} On August 11, 2021, the Marion County Grand Jury indicted Swift on one count of obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony. On August 16, 2021, Swift appeared for arraignment and pleaded not guilty.

{¶4} The matter proceeded to a jury trial on March 1, 2022. At the conclusion of the evidence, Swift moved to dismiss the single count of the indictment on grounds that he could not legally be convicted of obstructing official business. Specifically, Swift maintained that if his conduct constituted fifth-degree felony obstructing official business, then it also constituted the offense of resisting arrest in violation of R.C. 2921.33(B), and that the existence of the resisting arrest statute—the specific statute—precluded his prosecution under the obstructing official business statute—the general statute. The trial court denied Swift's motion, and thereafter, the jury found Swift guilty of obstructing official business as charged in the indictment.

{¶5} A sentencing hearing was held on March 23, 2022. At the hearing, the trial court sentenced Swift to 11 months in prison. The trial court filed its judgment entry of sentence on March 25, 2022.

## II. Assignment of Error

{¶6} On March 29, 2022, Swift timely filed a notice of appeal. He raises the following assignment of error for our review:

> **When a specific statute is enacted to cover criminal behavior (resisting arrest), the trial court errs by entering a judgment of conviction for a conflicting general statute (obstructing official business) thereby violating Ohio law as well as appellant's due process rights under the Ohio and Federal Constitutions.**

### III. Discussion

{¶7} In his assignment of error, Swift argues that the trial court erred by denying his motion to dismiss. As he argued before the trial court, Swift claims that resisting arrest is a specific statute that prevails over the more general obstructing official business statute, which calls for application of R.C. 1.51. Swift argues that, applying R.C. 1.51, the resisting arrest statute is the only statute under which he could have been lawfully charged and convicted.

R.C. 1.51 provides:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

"Where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision." *State v. Chippendale*, 52 Ohio St.3d 118 (1990), paragraph three of the syllabus.

{¶8} "[S]everal prerequisites must be met prior to applying the conflicting statute rule." *Columbus v. Clark*, 10th Dist. Franklin No. 14AP-719, 2015-Ohio-2046, ¶ 18. First, there must be both a "general" statute and a "special or local" statute. *See Chippendale* at 120 ("If the statutes are [both] general and do not involve the same or similar offenses, then R.C. 1.51 is inapplicable."). In addition,

"the general and special or local statutes must 'conflict,' and the conflict must be 'irreconcilable' in that the statutes cannot be construed 'so that effect is given to both.'" *Clark* at ¶ 18, quoting R.C. 1.51.

{¶9} The question of R.C. 1.51's applicability often turns on whether the two competing statutes are irreconcilably in conflict. An irreconcilable conflict "arises when the same conduct is punishable by different penalties in different statutes." *State v. Blanton*, 4th Dist. Adams No. 16CA1035, 2018-Ohio-1278, ¶ 52, citing *Chippendale* and *State v. Volpe*, 38 Ohio St.3d 191, 193 (1988). "[T]he state is not required to proceed against a defendant under a specific statute where the specific and general statute 'each provides a different penalty for a different course of conduct' and are therefore reconcilable." *Clark* at ¶ 19, quoting *State v. Culwell*, 10th Dist. Franklin No. 96APA04-504, 1996 WL 684135, *4 (Nov. 26, 1996).

{¶10} Obstructing official business—the offense Swift was charged with and convicted of—is codified at R.C. 2921.31(A). Under R.C. 2921.31(A), "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." Although obstructing official business is typically a second-degree misdemeanor, it is elevated to a fifth-degree

felony upon proof that the defendant "create[d] a risk of physical harm to any person" during the commission of the offense. R.C. 2921.31(B).

{¶11} Resisting arrest—the offense Swift believes he should have been charged with—is codified in its varying forms at R.C. 2921.33. As relevant here, R.C. 2921.33(B) provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." Resisting arrest in violation of R.C. 2921.33(B) is a first-degree misdemeanor. R.C. 2921.33(D).

{¶12} Comparing the two statutes, we find no irreconcilable conflict between fifth-degree felony obstructing official business and resisting arrest as proscribed by R.C. 2921.33(B). The obstructing official business statute prohibits a person from acting with "purpose to prevent, obstruct, or delay." Thus, the culpable mental state for obstructing official business is "purpose." *See* R.C. 2901.22(A). By contrast, the resisting arrest statute forbids a person from resisting or interfering with a lawful arrest either "recklessly or by force." Consequently, where force is not used to resist or interfere with a lawful arrest, the culpable mental state for resisting arrest is "recklessness." *See* R.C. 2901.22(C). Furthermore, the resisting arrest statute "clearly imposes strict liability upon an individual who resists a lawful arrest by

force." *Findlay v. Clark*, 3d Dist. Hancock No. 5-95-8, 1996 WL 65601, *4 (Feb. 12, 1996).

{¶13} Hence, a person can commit the offense of resisting arrest even when they do not act with the purpose of preventing, obstructing, or delaying their arrest. Thus, a violation of R.C. 2921.33(B) does not necessarily result in commission of the offense of obstructing official business under R.C. 2921.31(A). As the conduct proscribed by R.C. 2921.31(A) and 2921.33(B) is not identical, the statutes are not irreconcilable and do not implicate R.C. 1.51. *See State v. Romine*, 5th Dist. Muskingum No. CT2020-34, 2021-Ohio-1026, ¶ 17 (concluding that "[b]ecause the elements of [domestic violence and endangering children] differ they do not create a conflict between a general and a special provision"); *Blanton*, 2018-Ohio-1278, at ¶ 56 (holding that the coercion and kidnapping "statutes prohibit separate and distinct offenses and therefore, the statutes are reconcilable"); *State v. Armstrong*, 10th Dist. Franklin No. 16AP-410, 2017-Ohio-8715, ¶ 30 (charging statutes were not irreconcilable with supposed specific statute in part because the culpable mental states were different); *State v. Hardy*, 2d Dist. Montgomery No. 27158, 2017-Ohio-7635, ¶ 57 (concluding that because the offense of failure to confine a vicious dog in violation of R.C. 955.22 is a strict liability offense, whereas the offenses of involuntary manslaughter and endangering children require proof of proximate

cause and foreseeability and recklessness, respectively, the statutes are reconcilable).

{¶14} Because the statutes are not irreconcilably in conflict, it was well within the State's authority to prosecute Swift under the obstructing official business statute in preference to the resisting arrest statute. Indeed, "[w]here two statutes proscribe similar conduct, no rule of law requires the prosecution to proceed under the statute with [the] lower penalty." *Culwell*, 1996 WL 684135, at *4. Moreover, the State was permitted to pursue the obstructing official business charge against Swift even if Swift had also simultaneously committed the offense of resisting arrest. "The mere fact that [a defendant's] conduct violates more than one statute does not force the state to prosecute him under the lesser statute." *State v. Cooper*, 66 Ohio App.3d 551, 553 (4th Dist.1990). As the Supreme Court of the United States has explained:

> [W]hen an act violates more than one criminal statute, the Government may prosecute[] under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

(Citations omitted.) *United States v. Batchelder*, 442 U.S. 114, 123-124, 99 S.Ct. 2198 (1979). Therefore, we conclude that the trial court did not err by denying Swift's motion to dismiss.

{¶15} Swift's assignment of error is overruled.

## IV. Conclusion

**{¶16}** For the foregoing reasons, Swift's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

**/jlr**