[Cite as *State v. Briggs*, 2024-Ohio-5155.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

PHILLIP J. BRIGGS,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-70

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0022

Judgment Affirmed

Date of Decision:  October 28, 2024

APPEARANCES:

    *Kenneth J. Rexford* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Phillip J. Briggs ("Briggs"), appeals the October 12, 2023 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 16, 2023, the Allen County Grand Jury indicted Briggs on five counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1), (B), all second-degree felonies.

{¶3} On March 20, 2023, Briggs filed a motion to dismiss the indictment and argued that the alleged offenses should have been charged as five counts of voyeurism in violation of R.C. 2907.08(C), (E)(5), all fifth-degree felonies. The trial court denied Briggs's motion.

{¶4} On March 22, 2023, Briggs entered written pleas of not guilty to all five counts of the indictment.

{¶5} On August 29, 2023, the State moved to amend the date range of the alleged offense in Count One of the indictment, which the trial court granted.

{¶6} On August 31, 2023, the State moved to dismiss Counts Two, Three, Four, and Five of the indictment, which the trial court granted. The case then proceeded to a bench trial on amended Count One. No witnesses testified at the bench trial. Instead, 38 exhibits, including 71 written stipulations, were jointly

offered and admitted into evidence. The parties made closing arguments and the trial court took the matter under advisement.

{¶7} On September 8, 2023, the trial court found Briggs guilty of amended Count One of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1), a second-degree felony.

{¶8} On October 12, 2023, the trial court sentenced Briggs to a minimum term of four years in prison to a maximum term of six years in prison.

{¶9} On October 26, 2023, Briggs filed a notice of appeal. Briggs raises three assignments of error for our review. For ease of discussion, we will begin our review by addressing Briggs's second and third assignments of error together, followed by his first assignment of error.

## Second Assignment of Error

**The Trial Court erred in finding Mr. Briggs guilty of the indicted offense, as this verdict was not supported by sufficient evidence.**

## Third Assignment of Error

**The Trial Court erred in finding Mr. Briggs guilty of the indicted offense, as this verdict was against the manifest weight of the evidence.**

{¶10} In his second and third assignments of error, Briggs argues that his conviction of illegal use of a minor in nudity-oriented material is based on insufficient evidence and is against the manifest weight of the evidence. In particular, Briggs argues that the State produced insufficient evidence that he

"transferred" any "material" to another person. (Appellant's Brief at 18). Moreover, Briggs argues that his conviction is against the manifest weight of the evidence because there is no evidence of "any intent to transmit the video to another or to otherwise create an artist's work." (*Id.* at 20).

### *Standard of Review*

{¶11} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Thus, we address each legal concept separate.

{¶12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 (1997), fn. 4. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d at paragraph two of the syllabus.

{¶13} "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.). *See*

*also State v. Berry*, 2013-Ohio-2380, ¶ 19 (3d Dist.) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence.").

**{¶14}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

**{¶15}** When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Sufficiency-of-the-Evidence Analysis*

**{¶16}** Briggs was convicted of illegal use of a minor in nudity-oriented material under R.C. 2907.323(A)(1), which provides as follows:

(A) No person shall do any of the following:

(1) Photograph any minor or impaired person who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor or impaired person in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

(b) The minor's or impaired person's parents, guardian, or custodian consents in writing to the photographing of the minor or impaired person, to the use of the minor or impaired person in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

{¶17} On appeal, Briggs argues that his conviction is based on insufficient evidence because, even though he created a video of a minor in a full state of nudity, there is no evidence of "any intent or attempt to transmit the video to another or to otherwise create an artist's work." (Appellant's Brief at 19). Briggs contends that he is guilty of "simple [v]oyeurism" since "this was a single video made by one man and not shared with another person." (*Id.*).

{¶18} R.C. 2907.323(A)(1) provides that the offense of illegal use of a minor in nudity-oriented material can be committed in more than one way. In particular, the statute makes it unlawful to "[p]hotograph any minor . . . who is not the person's child . . . in a state of nudity, *or* create, direct, produce, *or* transfer any material or performance that shows the minor . . . in a state of nudity." (Emphasis added.) R.C.

2907.323(A)(1). Thus, in addition to photographing a minor in a state of nudity, the act of creating, directing, producing, or transferring nudity-oriented material involving a minor is also illegal under R.C. 2907.323(A)(1).

{¶19} Based on our review of the record, we conclude that the State presented sufficient evidence to show that Briggs *created* nudity-oriented material involving a minor in violation of R.C. 2907.323(A)(1). Here, the parties stipulated that Briggs used a hidden camera in a bathroom to secretly record a minor in a full state of nudity. The parties further stipulated that Briggs is not the parent or guardian of the minor. At the time of the secret recording, Briggs and the minor lived in the same residence and shared the only bathroom. The minor was unaware of the hidden camera in the bathroom, and did not know that she was being recorded while in a full state of nudity.

{¶20} The parties also stipulated that the video was not made "for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose" and that the minor's parents had not consented in writing to the creation of the video. (State's Exhibit 38). *See* R.C. 2907.323(A)(1)(a) and (b).

{¶21} After secretly recording the minor in a full state of nudity, Briggs then transferred the recording from the hidden camera to his laptop computer. Specifically, Briggs removed the hidden camera from the bathroom, took the hidden camera to the basement, transferred the contents of the hidden camera onto his laptop computer, and viewed the video of the minor in a full state of nudity. Briggs

admitted during a police interview that he viewed the video several times for sexual gratification.

**{¶22}** With respect to Briggs's argument that there is no evidence of any intent to transfer the video to another person, R.C. 2907.323(A)(1) does not require that the State prove that Briggs created *and* transferred the video. Rather, the statute makes it unlawful to either "create, direct, produce, *or* transfer" nudity-oriented material involving a minor. (Emphasis added.) R.C. 2907.323(A)(1). Here, it is Briggs's conduct in *creating* the video that constitutes the illegal use of a minor in nudity-oriented material.

**{¶23}** Similarly, we reject Briggs's argument that he was motivated by sexual gratification and is guilty of "simple [v]oyeurism." (Appellant's Brief at 18). Sexual-gratification motive is not an element of the offense of illegal use of a minor in nudity-oriented material. *State v. Pritt*, 2015-Ohio-2209, ¶ 13 (3d Dist.). Thus, Briggs's motivations with respect to the video are not relevant. *State v. Martin*, 2014-Ohio-3640, ¶ 24 (2d Dist.). It is the *creation* of the nudity-oriented material involving a minor that is illegal under R.C. 2907.323(A)(1) and punished more severely than voyeurism.

> "Because of the State interests involved in preventing the exploitation of children through the *creation* of nudity-oriented materials in which they are depicted, the legislature reasonably chose to define the offense more broadly (i.e., not requiring a trespass or a purpose of sexual gratification) and to punish the secret imaging of a nude minor more severely, regardless of the purpose of the offender or the lewdness of the subject."

(Emphasis added.) *Pritt* at ¶ 13, quoting *Martin* at ¶ 26.

**{¶24}** Accordingly, after viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Briggs *created* nudity-oriented material involving a minor in violation of R.C. 2907.323(A)(1). Therefore, Briggs's illegal-use-of-a-minor-in-nudity-oriented-material conviction is based on sufficient evidence.

*Manifest-Weight-of-the-Evidence Analysis*

**{¶25}** Having concluded that Briggs's illegal-use-of-a-minor-in-nudity-oriented-material conviction is based on sufficient evidence, we next address his argument that his conviction is against the manifest weight of the evidence.

**{¶26}** On appeal, Briggs argues that his conviction is against the manifest weight of the evidence because "the defense at trial clearly established a sexual motivation and an invasion of privacy, neither of which was disputed by the prosecution." (Appellant's Brief at 20). Briggs contends that he is guilty of voyeurism, not illegal use of a minor in nudity-oriented material.

**{¶27}** Here, no witnesses testified at the bench trial. This case was decided by the trial court based on 38 exhibits that included 71 written stipulations. When viewing the evidence presented by both sides, we conclude that the evidence summarized in our sufficiency-of-the-evidence analysis supporting Briggs's illegal-use-of-a-minor-in-nudity-oriented-material conviction is weightier than the

evidence against the conviction. Therefore, we cannot say that the trial court lost its way in considering and weighing the evidence presented. *See Thompkins*, 78 Ohio St.3d at 387 (stating that a verdict is against the manifest weight of the evidence if the trier of fact clearly lost its way and created a miscarriage of justice).

{¶28} Even though Briggs argues that he is guilty of voyeurism because there is evidence of sexual motivation and an invasion of the minor's privacy, Briggs disregards the fact that R.C. 2907.323(A)(1) prohibits the *creation* of nudity-oriented material involving a minor. Because the evidence demonstrates that Briggs created a video of a minor in a full state of nudity, we conclude that Briggs's illegal-use-of-a-minor-in-nudity-oriented-material conviction is not against the manifest weight of the evidence.

{¶29} Briggs's second and third assignments of error are overruled.

### First Assignment of Error

**The Trial Court erred in denying the defense motion to dismiss Count I of the Indictment.**

{¶30} In his first assignment of error, Briggs argues that the trial court erred by denying his motion to dismiss the indictment. Specifically, Briggs argues that he should have been charged with voyeurism as opposed to illegal use of a minor in nudity-oriented material because "the additional elements of a sexual motivation and an invasion of privacy" are present in this case. (Appellant's Brief at 8).

*Standard of Review*

**{¶31}** "'A motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the State or the defendant.'" *State v. Carpenter*, 2019-Ohio-58, ¶ 87 (3d Dist.), quoting *State v. Balo*, 2011-Ohio-3341, ¶ 35 (3d Dist.). "'A reviewing court must examine the face of the charging instrument to determine its sufficiency.'" *Carpenter* at ¶ 87, quoting *Balo* at ¶ 35.

**{¶32}** "'In determining whether an indictment is valid on its face, the proper inquiry is whether the allegations contained in the indictment constitute an offense under Ohio law.'" *State v. Robertson*, 2015-Ohio-1758, ¶ 16 (3d Dist.), quoting *State v. Egler*, 2008-Ohio-4053, ¶ 14 (3d Dist.). "'A motion to dismiss an indictment cannot properly be granted where the indictment is valid on its face.'" *Robertson* at ¶ 16, quoting *Egler* at ¶ 14.

**{¶33}** We review a trial court's denial of a motion to dismiss an indictment under a de novo standard of review. *Carpenter* at ¶ 88. "'De novo review is independent, without deference to the lower court's decision.'" *Robertson* ¶ 17, quoting *State v. Hudson*, 2013-Ohio-647, ¶ 27 (3d Dist.).

*Analysis*

**{¶34}** Under Crim.R. 7(B), an indictment

> may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided

the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. . . . Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated.

**{¶35}** In this case, the indictment alleges that Briggs "did create, direct, produce, or transfer material or performance that showed a minor in a state of nudity." (Doc. No. 9). The language of the indictment tracks the language of R.C. 2907.323(A)(1) which states that "[n]o person shall . . . create, direct, produce, or transfer any material or performance that shows the minor . . . in a state of nudity." Moreover, the indictment contains the numerical designation of the statute which Briggs is alleged to have violated. Accordingly, we conclude that the indictment is valid on its face.

**{¶36}** Nevertheless, Briggs argues that the trial court erred by denying his motion to dismiss because he should have been charged with voyeurism under R.C. 2907.08(C) and not illegal use of a minor in nudity-oriented material under R.C. 2907.323(A)(1). Briggs contends that "[t]he offenses are identical except for the inclusion of the additional elements of sexual gratification as a purpose and privacy invasion." (Appellant's Brief at 6).

**{¶37}** Voyeurism is prohibited under R.C. 2907.08(C) as follows:

No person shall knowingly commit trespass or otherwise secretly or surreptitiously videotape, film, photograph, broadcast, stream, or otherwise record a minor, in a place where a person has a reasonable expectation of privacy, for the purpose of viewing the private areas of the minor.

Moreover, a violation of R.C. 2907.08(C) is a fifth-degree felony. *See* R.C. 2907.08(E)(A).

**{¶38}** Even though voyeurism under R.C. 2907.08(C) and illegal use of a minor in nudity-oriented material under R.C. 2907.323(A)(1) prohibit similar conduct (i.e., the recording of a minor in a state of nudity), the two statutes are not in conflict. Voyeurism requires the elements of criminal trespass and purposeful intent. In contrast, the offense of illegal use of a minor in nudity-oriented material does not require either of these elements.

**{¶39}** Furthermore, where two statutes prohibit similar conduct, there is no requirement that the State prosecute under the statute with the lower penalty. *State v. Swift*, 2023-Ohio-1435, ¶ 14 (3d Dist.). "'The mere fact that [a defendant's] conduct violates more than one statute does not force the state to prosecute him under the lesser statute.'" *Id.*, quoting *State v. Cooper*, 66 Ohio App.3d 551, 553 (4th Dist. 1990).

> "[W]hen an act violates more than one criminal statute, the Government may prosecute[ ] under either so long as it does not discriminate against any class of defendants. . . . Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."

*Swift* at ¶ 14, quoting *United States v. Batchelder*, 442 U.S. 114, 123-124 (1979).

**{¶40}** Based on the foregoing, we conclude that the trial court did not err when it denied Briggs's motion to dismiss the indictment since the indictment is valid on its face.

**{¶41}** Briggs's first assignment of error is overruled.

**{¶42}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignments, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**