[Cite as *State v. Jones*, 2026-Ohio-852.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250308 |
| | | TRIAL NO. 25/CRB/5571 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| KIANTE JONES, | : | |
| Defendant-Appellant. | : | |


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 3/13/2026 per order of the court.**


**By:**_____
        **Administrative Judge**

[Cite as *State v. Jones*, 2026-Ohio-852.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250308 |
| | | TRIAL NO. 25/CRB/5571 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| KIANTE JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 13, 2026

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Robert S. Hendricks*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**NESTOR, Judge.**

{¶1} Defendant-appellant Kiante Jones appeals his conviction for obstructing official business. Because the obstructing official business statute is not in irreconcilable conflict with the resisting arrest statute, we affirm the judgment of the trial court.

### I. Factual and Procedural History

{¶2} In April 2025, Cincinnati police officers arrested Jones for domestic violence. After performing a search incident to a lawful arrest, an officer attempted to place Jones inside the police car. Jones refused to put his feet in the car. A second officer intervened to attempt to force Jones's feet inside the car. When officers tried to shut the car door, Jones kicked the car door back into the officers. After Jones kicked the door open, an officer maced him.

{¶3} Jones was charged with one count of obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor. After a bench trial, the trial court found Jones guilty. The court imposed a sentence of 27 days in jail, and awarded him a time served credit equal to his sentence.

### II. Analysis

{¶4} Jones appeals his conviction. In one assignment of error, he argues that the trial court erred by convicting him of obstructing official business. In his view, R.C. 1.51 required the State to prosecute him under R.C. 2921.33, the resisting arrest statute, instead of R.C. 2921.31, the obstructing official business statute.[1]

### A. Standard of Review

{¶5} To properly preserve an issue for appellate review, a party must make a

---

[1] Jones's briefing suggests that he was charged with both offenses. A review of the record shows that this is factually incorrect.

timely objection. *State ex rel. Holwadel v. Hamilton Cty. Bd. of Elections*, 2015-Ohio-5306, ¶ 50. "To be timely, the objection must be raised 'at a time when such error could have been avoided or corrected by the trial court.'" *Id.,* quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. If a party raises an objection for the first time during closing arguments, the objection is untimely. *Edelstein v. Edelstein*, 2025-Ohio-1514, ¶ 54 (1st Dist.), citing *Holwadel* at ¶ 50. And, "[t]he failure to timely object waives all but plain-error review on appeal." *Kelley v. Horton*, 2025-Ohio-5252, ¶ 22 (1st Dist.), citing *Anders v. Seitz*, 2023-Ohio-668, ¶ 15, fn. 3 (12th Dist.).

{¶6} Jones argues that the State should have prosecuted him for resisting arrest, instead of obstructing official business. But Jones failed to raise this argument before trial. The first time Jones raised this argument was in closing arguments. Because Jones's objection was raised for the first time during closing arguments, it was not timely and not properly preserved. *Edelstein* at ¶ 54. We therefore review his appeal for plain error.

### B. R.C. 2921.31 & R.C. 2921.33

{¶7} Jones claims R.C. 1.51 is applicable to his case. This statute provides:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

R.C. 1.51.

{¶8} In Jones's view, R.C. 2921.31 (obstruction) and R.C. 2921.33 (resisting)

are in irreconcilable conflict. Thus, he argues, resisting arrest is the special provision which prevails over obstructing official business, the general provision. The Third District considered this argument in *State v. Swift*, 2023-Ohio-1435 (3d Dist.).

{¶9} The facts in *Swift* are similar to the facts here. In *Swift*, police officers came to Swift's home to arrest him in connection with a domestic dispute. *Id.* at ¶ 2. When Swift refused to comply with the officers, they tased him and took him into custody. *Id.*

{¶10} A grand jury indicted Swift on one count of obstructing official business. *Id.* at ¶ 3. During trial, Swift moved to dismiss the indictment. *Id.* at ¶ 4. He argued that "if his conduct constituted . . . obstructing official business, then it also constituted the offense of resisting arrest . . . and that the existence of the resisting arrest statute— the specific statute—precluded his prosecution under the obstructing official business statute—the general statute." *Id.* The trial court denied his motion and found him guilty of obstructing official business. *Id.*

{¶11} Swift appealed the trial court's denial of his motion to dismiss. *Swift*, 2023-Ohio-1435, at ¶ 7 (3d Dist.). The Third District affirmed the trial court's judgment, reasoning that the resisting arrest and obstructing official business statutes did not irreconcilably conflict because they require two different culpable mental states. *Id.* at ¶ 12, 14. A conviction for obstructing official business requires "purpose." *Id.* at ¶ 12. Resisting arrest, on the other hand, prohibits resisting or interfering with a lawful arrest "recklessly or by force." *Id.*

{¶12} The Third District reasoned that because "a person can commit the offense of resisting arrest even when they do not act with the purpose of preventing, obstructing, or delaying their arrest[,]" resisting arrest does not necessarily result in a violation of the obstruction statute. *Id.* at ¶ 13. And, because the conduct proscribed

5

under each statute is different, the statutes are not in irreconcilable conflict. *Id.*

**{¶13}** Therefore, "it was well within the State's authority to prosecute Swift under the obstructing official business statute in preference to the resisting arrest statute." *Id.* at ¶ 14.

**{¶14}** Jones asks us to part ways with the Third District, and hold that under the facts of this case, there is an irreconcilable conflict between R.C. 2921.31 and 2921.33. We see no reason to do so. The Third District's reasoning is sound, and we adopt it today.

**{¶15}** Because the statutes are not irreconcilable, prosecutorial discretion allows the State to proceed under the charge that it deems best fits the conduct. *Swift*, 2023-Ohio-1435, at ¶ 14 (3d Dist.), quoting *United States v. Batchelder*, 442 U.S. 114, 123-124 (1979) ("[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to file . . . are decisions that generally rest in the prosecutor's discretion.").

**{¶16}** The State's decision to charge Jones with obstructing official business under R.C. 2921.31, rather than resisting arrest under R.C. 2921.33, fell squarely within its prosecutorial discretion.

**{¶17}** Jones's briefing focuses on the argument that he was improperly charged. He does not specifically assert that his conduct was insufficient to support an obstruction charge under R.C. 2921.31. But to be thorough, we note that Jones's conduct did constitute obstruction of official business. *See, e.g., State v. Terry*, 2025-Ohio-1195 (1st Dist.) (where defendant's physical actions of providing false information and resisting an officer's attempts to restrain her hampered the officer's duties, defendant's conduct was sufficient to support an obstruction charge).

### *III. Conclusion*

**{¶18}** The trial court did not commit plain error when it convicted Jones of obstructing official business. We overrule Jones's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.