**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Tolliver*, **Slip Opinion No. 2014-Ohio-3744.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3744

THE STATE OF OHIO, APPELLANT, *v*. TOLLIVER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Tolliver*, Slip Opinion No. 2014-Ohio-3744.]**

*Criminal law—R.C. 2901.21(B)—R.C. 2911.02(A)(3)—R.C. 2901.21(B), the statute for determining whether an offense imposes strict liability or requires proof of recklessness, applies only if "the section defining an offense does not specify any degree of culpability." If the section already requires proof of a culpable mental state for any element of the offense in any division or subdivision, R.C. 2901.21(B) does not apply, and the state need prove culpability only as specified in the section—Because R.C. 2911.02 defines every robbery to include the culpable mental states of the predicate theft offense, R.C. 2901.21(B), which applies only to statutes not specifying any degree of culpability, does not apply, and the state is not required to prove a culpable mental state with respect to the force element in R.C. 2911.02(A)(3).*

(No. 2013-0351—Submitted February 5, 2014—Decided September 2, 2014.)

APPEAL from the Court of Appeals for Montgomery County, No. 24716, 2013-Ohio-115.

_____

**SYLLABUS OF THE COURT**

1. R.C. 2901.21(B), the statute for determining whether an offense imposes strict liability or requires proof of recklessness, applies only if "the section defining an offense does not specify any degree of culpability." If the section already requires proof of a culpable mental state for any element of the offense in any division or subdivision, R.C. 2901.21(B) does not apply, and the state need prove culpability only as specified in the section. [*State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, followed.]

2. Because R.C. 2911.02 defines every robbery to include the culpable mental states of the predicate theft offense, R.C. 2901.21(B), which applies only to statutes not specifying any degree of culpability, does not apply, and the state is not required to prove a culpable mental state with respect to the force element in R.C. 2911.02(A)(3).

_____

**FRENCH, J**.

**{¶ 1}** The General Assembly has defined the offense of robbery to require proof of a culpable mental state (or mens rea) for some elements of the offense but not for others. In this appeal, we consider whether the state must prove a culpable mental state with respect to the element contained in R.C. 2911.02(A)(3), that the offender did "[u]se or threaten the immediate use of force against another." We hold that it need not and that the strict-liability and read-in-recklessness rules of R.C. 2901.21(B) do not apply.

**Background**

**{¶ 2}** The Montgomery County Grand Jury indicted appellee, Kevin Tolliver, for one count of robbery under R.C. 2911.02(A)(3). The indictment alleged that Tolliver, "in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, did recklessly use or threaten the

2

immediate use of force against" Jasmine Jordan. The indictment largely tracked the language of the robbery statute, but it added the word "recklessly" with respect to the force element; R.C. 2911.02(A)(3) does not specify any such mental state.

{¶ 3} At Tolliver's jury trial, evidence established that Tolliver stole merchandise from a Dollar General store and escaped by using and threatening force against a store employee who tried to stop him. The employee, Jasmine Jordan, testified that Tolliver pushed her and that she pushed back, at which point Tolliver raised his fist as if to punch her in the face. Tolliver took the stand and admitted shoplifting and raising his fist at Jordan. He also admitted that the surveillance video showed that he extended his arms into Jordan's chest, causing her to move backward, but he refused to admit that he pushed her.

{¶ 4} The trial court's instructions to the jury mirrored the statutory definition of robbery and did not instruct the jury that the state was required to prove any mental state with respect to the force element in R.C. 2911.02(A)(3). In defining the elements of a completed or attempted "theft offense," an element of robbery set forth in R.C. 2911.02(A), the trial court instructed the jury on the elements of theft in R.C. 2913.02(A)(1), including the mental states of "purpose" to deprive the owner of property or services and "knowingly" obtaining or exerting control over the property or services without consent. R.C. 2913.02(A). The trial court also defined an "attempt" as an offender "knowingly" engaging in conduct that, if successful, would have resulted in the completed offense. The jury found Tolliver guilty as charged in the indictment.

{¶ 5} Tolliver appealed, arguing that the trial court committed plain error by not instructing the jury that the state had to prove that he had recklessly used force while committing or attempting to commit theft. The court of appeals agreed and reversed Tolliver's conviction. 2013-Ohio-115, 986 N.E.2d 34, at ¶ 26, 35.

**{¶ 6}** We accepted jurisdiction over the state's appeal.

**Analysis**

**{¶ 7}** As it applies to Tolliver, R.C. 2911.02 defines robbery as follows: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (3) Use or threaten the immediate use of force against another." The issue in this appeal is whether the state must prove the culpable mental state of "recklessness" in proving the force element R.C. 2911.02(A)(3) requires.

**{¶ 8}** We begin with the text of R.C. 2911.02, which does not explicitly or impliedly require proof of any culpable mental state for the force element in subdivision (A)(3). It does, however, require proof of culpability for other elements of the offense. Division (A) expressly predicates every robbery on the elements of a completed or attempted "theft offense," including all culpable mental states. R.C. 2911.02(A)

**{¶ 9}** Tolliver's predicate theft offense, according to the jury instructions, was the theft offense defined in R.C. 2913.02(A)(1), which includes the mental states of "purpose" and "knowingly." To find Tolliver guilty of an "attempted" theft offense, the jury had to find that Tolliver "knowingly" engaged in conduct that, if successful, would have resulted in the completed offense.

**{¶ 10}** The analysis is straightforward for statutes like R.C. 2911.02, in which the General Assembly has already said which elements of the offense require proof of culpability and which do not. "For these offenses, if the General Assembly intends for the additional elements to carry their own mens rea, it must say so." *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, ¶ 38. The state need prove culpability only for the elements for which a mental state is specified in the section defining the offense, and courts should not fill any gaps by inserting culpability requirements that the text and ordinary rules of construction cannot bear. *See id*. at ¶ 42. It is our duty "to give effect to the

words used, not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969).

{¶ 11} The only way to read a culpable mental state where one does not exist is through R.C. 2901.21(B), which applies only to those statutes that "do[] not specify any degree of culpability." Today, we hold that R.C. 2901.21(B) does not apply to the statute defining robbery.

*Mens Rea, Legislative Silence, and R.C. 2901.21(B)*

{¶ 12} Before the General Assembly enacted R.C. 2901.21(B) in 1974, there was no universal rule for construing statutes that did not specify any element of mens rea. When legislatures first began codifying criminal offenses, courts (including this one) interpreted those statutes to require an element of mens rea, even though the legislature did not specify one. *See* Sayre, *Public Welfare Offenses*, 33 Colum.L.Rev. 55, 62 (1933) (collecting decisions); *see e.g.*, *Birney v. State*, 8 Ohio 230, 238 (1837) (stating, "We know of no case where positive action is held criminal, unless the intention accompanies the act, either expressly or necessarily inferred from the act itself"). This presumption of mens rea rested on the common-law tradition that all crime included "some mental element," and courts assumed that legislative silence "merely recognized that intent was so inherent in the idea of the offense that it required no statutory affirmation." *Morissette v. United States*, 342 U.S. 246, 252, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

{¶ 13} With the advent of statutes defining newer offenses and the strict-liability offense, however, it became less clear whether statutory silence assumed a culpable mental state or, in the case of strict liability, imposed liability "without any kind of mental state whatsoever." 1 Lafave, *Substantive Criminal Law*, Section 5.1, at 336 (2d Ed.2003); Sayre at 62-66. The United States Supreme Court addressed this issue, stating that courts should presume that a culpable mental state should be proven unless the statute contained a "contrary direction,"

*Morrisette* at 263, or "clear expression" to impose liability without fault, *id.* at 254, fn. 14. This court took the opposite approach and construed statutes as imposing strict liability unless they specified an element of intent. *See State v. Huffman*, 131 Ohio St. 27, 1 N.E.2d 313 (1936), paragraph one of the syllabus (holding that "if a statute defining an offense is silent on the question of intent, it is not necessary to allege and prove an intent to commit the offense").

{¶ 14} Against this backdrop, the General Assembly enacted R.C. 2901.21(B), which provides the following rule for determining whether statutes not specifying any culpable mental state impose strict liability or instead require some level of culpability, that is, recklessness:

> (B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.

{¶ 15} This text identifies two conditions that must exist before a court can read recklessness into an offense. First, the "section" defining the offense must not specify "any degree of culpability," meaning that the section does not already require proof of a culpable mental state for any element of the offense in any division or subdivision. R.C. 2901.21(B); *see also Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, at ¶ 31 ("R.C. 2901.21(B) requires us to examine the entire section defining the offense, not merely a clause or subsection"); *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 22 ("we need to determine whether the entire *section* includes a mental

element, not just whether *division* (A)(6) includes such an element" [emphasis sic]). Second, the section must not plainly indicate a purpose to impose strict liability. R.C. 2901.21.

{¶ 16} In *Maxwell*, we phrased this standard as a two-step inquiry:

[A] court must be able to answer in the negative the following two questions before applying the element of recklessness pursuant to R.C. 2901.21(B): (1) does the section defining an offense specify any degree of culpability, and (2) does the section plainly indicate a purpose to impose strict criminal liability?

*Id*. at ¶ 21.

{¶ 17} In *Johnson*, we acknowledged that "our use of R.C. 2901.21(B) has been imprecise" in prior decisions in which we had unnecessarily applied it to statutes that already specified a culpable mental state for one or more of the elements of the offense. *Id*. at ¶ 40, 42. We clarified that R.C. 2901.21(B) "does *not* cover" these cases and refused to apply it to R.C. 2923.13(A)(3), a statute prohibiting the possession of a weapon while under disability, which contains a mental state of "knowingly" in division (A). (Emphasis sic.) *Id*. at ¶ 31. We concluded that, because division (A) "already contains the mens rea of 'knowingly,' R.C. 2901.21(B) does not apply," and "the state is not required to prove a culpable mental state for the element" of the offense in subdivision (A)(3). *Id*. at ¶ 42.

*R.C. 2901.21(B) Does Not Apply to R.C. 2911.02, the Statute Defining Robbery*

{¶ 18} Like the statute at issue in *Johnson*, the section defining robbery already requires proof of culpability for one or more elements of the offense. R.C. 2911.02(A) predicates every robbery on the elements of a completed or an attempted "theft offense," which, for Tolliver, included the mental states of

"purpose" and "knowingly." R.C. 2913.02(A). Because R.C. 2911.02(A) "already contains [a] mens rea," by reference to the predicate theft offense, the section already specifies culpability, and we cannot apply R.C. 2901.21(B)'s rules for determining whether an offense imposes strict liability or requires proof of recklessness. *See Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, at ¶ 42. The section defining robbery makes clear which elements of the offense require proof of culpability, and the force element in R.C. 2911.02(A)(3) is not one of them.

{¶ 19} We reached a similar conclusion in *State v. Wharf*, 86 Ohio St.3d 375, 715 N.E.2d 172 (1999), and held that the deadly-weapon element of robbery in R.C. 2911.02(A)(1) "does not require the mens rea of recklessness" or any "specific mental state." *Id*. at paragraphs one and two of the syllabus. Because the "theft offense" element of the robbery statute already required proof of one or more culpable mental states (for Wharf, purpose and knowledge, *id*. at 377, at fn. 1), we concluded that the state did not need to prove any culpable mental state "beyond that required for the theft offense." *Id*. at 377.

{¶ 20} Because R.C. 2901.21(B) does not apply to the section defining robbery, it is illogical to ask whether that section "plainly indicates a purpose to impose strict liability" or instead requires proof of "recklessness." By definition, the section defining robbery *cannot* plainly impose strict liability because it always includes the mens rea of the predicate theft offense. *See Black's Law Dictionary* 453 (10th Ed.2014) (defining "strict-liability crime" as a crime that "does not require a mens rea element"); R.C. 2901.21(B) (stating when an offense is a strict-liability offense). Likewise, recklessness cannot be "sufficient culpability to commit the offense," R.C. 2901.21(B), because the robbery statute requires the state to prove more than mere recklessness by predicating the robbery on a knowing and/or purposeful theft offense.

{¶ 21} Simply put, R.C. 2901.21(B) does not apply whenever an element of an offense is missing a mens rea. The General Assembly has the power to selectively assign culpable mental states to some elements and not others. Unlike the Model Penal Code approach, which requires culpability for "all material elements" of an offense, *see* Model Penal Code Section 2.02(4), R.C. 2901.21(A)(2) adopts the view that a person need possess only the "requisite degree of culpability for *each element as to which a culpable mental state is specified* by the section defining the offense." (Emphasis added.) In this respect, Ohio follows the view that "a crime may be defined so as to require one type of fault as to one element, another type as to another element, and no fault at all as to a third element." 1 LaFave, Section 5.5, at 382.

{¶ 22} We stressed this point in *Johnson* and refused to apply R.C. 2901.21(B) on an "element-by-element" basis wherever culpability is missing. 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 346, at ¶ 33, 34, 38. There must be "a complete absence of culpability in the *section* defining the offense" before a court can apply R.C. 2901.21(B)'s strict-liability and read-in-recklessness rules. (Emphasis sic.) *Id*. at ¶ 34. Here, there is not a complete absence of culpability, because R.C. 2911.02 requires every robbery to include the culpable mental states of the predicate theft offense.

**Conclusion**

{¶ 23} R.C. 2901.21(B), the statute for determining whether an offense imposes strict liability or requires proof of recklessness, applies only if "the section defining an offense does not specify any degree of culpability." If the section already requires proof of a culpable mental state for any element of the offense in any division or subdivision, R.C. 2901.21(B) does not apply, and the state need prove culpability only as specified in the section. Because R.C. 2911.02 defines every robbery to include the culpable mental states of the predicate theft offense, R.C. 2901.21(B), which applies only when a mental state

is not specified in a section defining an offense, does not apply, and the state need not prove a culpable mental state with respect to the force element in R.C. 2911.02(A)(3).

**{¶ 24}** Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., concur.

PFEIFER, LANZINGER, and O'NEILL, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

**{¶ 25}** The majority opinion holds that the mere reference to a theft offense within R.C. 2911.02(A)(3) supplies a culpable mental state to the third-degree-felony offense of robbery, so that the state need not prove that a defendant recklessly used or threatened the immediate use of force against another. For the following reasons, I respectfully dissent and would affirm the judgment of the court of appeals.

**{¶ 26}** The third-degree-felony offense of robbery under R.C. 2911.02(A)(3) requires the use of force or the threat of the use of force, but the statute does not explicitly require proof of any culpable mental state. The statute provides:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

* * *

(3) Use or threaten the immediate use of force against another.

The definition of this offense does not specify that the offender must have acted purposely, knowingly, recklessly, or negligently.

{¶ 27} We have clarified that the General Assembly has intended that R.C. 2901.21(B) provides a default rule of recklessness when a mens rea is missing from the definition of the offense and strict liability has not been clearly indicated. *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, ¶ 34. But in *Johnson*, we examined the offense of having weapons when the defendant is under indictment or has been previously convicted of a felony drug offense.[1] Because that offense was defined by specifying the mens rea of "knowingly" with respect to the possession of a weapon, we held that R.C. 2901.21(B) did not apply. *Id.* at ¶ 42.

{¶ 28} *Johnson* did not contemplate the incorporation by reference of elements from another statute. On its face, the third-degree-felony offense of robbery defined in R.C. 2911.02(A)(3) does not contain any mens rea. R.C. 2901.21(B) states:

> When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.

---

[1] That offense states that "no person shall knowingly acquire, have, carry or use any firearm or dangerous ordinance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2923.13(A)(3).

**{¶ 29}** In answering the initial question whether the "the section defining an offense" specifies any culpability, the majority determines in Kevin Tolliver's case that a reference to a "theft offense" in R.C. 2911.02(A)(3) incorporates the elements of theft set forth in R.C. 2913.02(A)(1). It then concludes that because theft includes the mental states of "purpose" and "knowingly," the reference supplies a mens rea to R.C. 2911.02(A)(3) so that no analysis under R.C. 2901.21(B) is warranted. But "theft offense" is defined by statute to have the same meaning as in R.C. 2913.01,[2] that is, a variety of meanings. R.C. 2911.02(C). Not all "theft offenses" contain a culpable mental state. *See* R.C. 2911.12(B), 2913.43, and 2921.41.

**{¶ 30}** The majority broadly declares that "Division (A) [of 2911.02] expressly predicates every robbery on the elements of a completed or attempted 'theft offense,' *including all culpable mental states*." (Emphasis added.) Majority opinion at ¶ 8. But R.C. 2911.02(A)(3), the offense we are discussing, says nothing about culpability.

---

[2] R.C. 2913.01(K) states:

> "Theft offense" means any of the following:
> (1) A violation of section 2911.01, 2911.02, 2911.11, 2911.12, 2911.13, 2911.31, 2911.32, 2913.02, 2913.03, 2913.04, 2913.041, 2913.05, 2913.06, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.34, 2913.40, 2913.42, 2913.43, 2913.44, 2913.45, 2913.47, 2913.48, former section 2913.47 or 2913.48, or section 2913.51, 2915.05, or 2921.41 of the Revised Code;
> (2) A violation of an existing or former municipal ordinance or law of this or any other state, or of the United States, substantially equivalent to any section listed in division (K)(1) of this section or a violation of section 2913.41, 2913.81, or 2915.06 of the Revised Code as it existed prior to July 1, 1996;
> (3) An offense under an existing or former municipal ordinance or law of this or any other state, or of the United States, involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;
> (4) A conspiracy or attempt to commit, or complicity in committing, any offense under division (K)(1), (2), or (3) of this section.

**{¶ 31}** I cannot agree with the majority's use of a predicate offense to supply a mens rea when the section defining the offense itself does not specify a mens rea. The use of force or the threat of the immediate use of force on another distinguishes third-degree-felony robbery from other theft offenses. Without the use of force, Tolliver could not have been convicted of robbery. In my opinion, we should look only at the language in the section that defines the offense. Because R.C. 2911.02(A)(3) does not expressly specify any degree of culpability, we must then decide whether the General Assembly indicated a purpose to impose strict liability for this offense involving the use or threat of the use of force. The mere lack of a mental state is not sufficient to show strict liability. The General Assembly must plainly indicate that intention in the statute. R.C. 2901.21(B). Because there are no words to that effect in the offense of third-degree-felony robbery, I would use the default mens rea of recklessness and apply it to the use or the threat of the immediate use of force against another, rather than assume that the offense is one of strict liability. I would therefore affirm the court of appeals.

PFEIFER and O'NEILL, JJ., concur in the foregoing opinion.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellant.

Murr, Compton, Claypoole & Macbeth and Charles M. Blue, for appellee.

Timothy Young, Ohio Public Defender, and Kenneth R. Spiert, Assistant Public Defender, urging dismissal of the appeal as improvidently accepted, or, in the alternative, affirmance for amicus curiae Office of the Ohio Public Defender.

_____