[Cite as *State v. Godsey*, 2024-Ohio-629.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DRAYVONTE M. GODSEY,

    DEFENDANT-APPELLANT.

CASE NO. 1-22-59

O P I N I O N

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2021 0012**

**Judgment Affirmed**

**Date of Decision:  February 20, 2024**

APPEARANCES:

    *April F. Campbell* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Drayvonte Godsey ("Godsey"), appeals his convictions in the Allen County Court of Common Pleas. Following a jury trial, Godsey was found guilty of three offenses: robbery, domestic violence, and having weapons while under disability. This appeal focuses on his robbery conviction. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} Godsey and the victim, DeQuaisha Wilson ("Wilson"), have a son together. On or about January 1, 2021, in Lima, Ohio, Godsey called Wilson to tell her he was coming over to see their son, but Wilson told him their son was asleep, thus implying he should not come over. Godsey came to the house anyway, and Wilson opened the door because she did not want Godsey to break down her door.

{¶3} According to Wilson's trial testimony, Godsey came in, put his hands on her, slapped her, hit her in the face and all over her body, and drug her down the stairs by the leg while still beating her. Wilson's phone was right beside her on the stairs, and Godsey grabbed her phone and left. Wilson testified that she was not reaching for the phone when Godsey took it (and he did not take it "aggressively"), but Godsey did grab her phone as he was leaving. Wilson suffered injuries, including a swollen face. Because Godsey had taken her phone, Wilson had to go to another location around the corner from her home to call her mother for

assistance. The phone was later returned to Wilson. Wilson made a report to the police regarding what had occurred, and she also was interviewed by a detective about it a few days later.[1]

{¶4} The jury convicted Godsey of (1) having weapons while under disability, in violation of R.C 2923.13(A)(3), a third-degree felony; (2) robbery, in violation of R.C. 2911.02(A)(2), a second-degree felony; and (3) domestic violence, in violation of R.C. 2919.25(A), a first-degree misdemeanor.[2]  Godsey was sentenced accordingly for the three offenses. This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶5} Godsey raises four assignments of error for our review:

### First Assignment of Error

**The State's evidence that Godsey committed robbery was legally insufficient as a matter of law.**

### Second Assignment of Error

**The evidence also weighed manifestly against convicting Godsey.**

---

[1] At trial, the court called Wilson as a court witness, without objection. (June 6, 2022 Tr. at 3, 173). Wilson was the first witness to testify during the trial.

[2] The jury was unable to reach a verdict on two counts of grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4). Those two counts, as well as the weapons under disability charge, arose from a November 2020 incident wholly separate from the January 1, 2021 incident involving the phone. Regarding those two counts, Wilson told police Godsey had taken her two guns, but at trial she testified she actually had "misplaced the guns"—which "were in a tote" she had given to Godsey without him knowing the guns were in the tote. (June 6, 2020 Tr. at 185, 190-92, 200).

**Third Assignment of Error**

**Godsey's conviction should be reversed because his trial counsel was ineffective in a manner that prejudiced Godsey. Trial counsel failed to object to inadmissible hearsay through officers recounting what the victim told them. Trial counsel failed to object to inadmissible testimony through the detective about his expertise with domestic violence victims, despite it being damaging to Godsey's defense and in violation of Crim.R. 16(K). Trial counsel failed to request a theft instruction for Godsey's robbery count.**

**Fourth Assignment of Error**

**The Court committed prejudicial error by not instructing the jury on the lesser included offense of theft, for Godsey's robbery count.**

## III. DISCUSSION

### A. First Assignment of Error

{¶6} In the first assignment of error, Godsey argues the State's evidence that he committed robbery was legally insufficient as a matter of law. At trial, Godsey had moved for acquittal under Crim.R. 29 at the close of the State's case-in-chief, and he renewed that motion after deciding not to call witnesses in his defense. The trial court denied the motions.

#### 1. Standard of Review

{¶7} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37, citing *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995) and *State v. Thompkins*,

78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). A sufficiency challenge disputes whether a party met its burden of production at trial. *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, ¶ 26. "In reviewing a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Tenace* at ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Thus, "[i]n assessing the sufficiency of the evidence, we do not resolve evidentiary conflicts or assess the credibility of witnesses." *State v. Jackson*, 3d Dist. Allen No. 1-22-27, 2023-Ohio-2193, ¶ 26; *see also Jenks* at 279.

## 2. Applicable Law

{¶8} As stated above, Godsey was convicted of violating R.C. 2911.02(A)(2). The statute provides:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]

The Committee Comment to the statute explains that "the difference between theft and robbery is an element of actual or potential harm to persons."

{¶9} The statute "expressly predicates every robbery on the elements of a completed or attempted 'theft offense,' including all culpable mental states." *State*

*v. Tolliver*, 140 Ohio St.3d 420, 2014-Ohio-3744, ¶ 8. The applicable theft statute provides:

> No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]

R.C. 2913.02(A)(1). Thus, the culpable mental state for the theft offense here "includes the mental states of 'purpose' and 'knowingly.'" *Tolliver* at ¶ 9.

{¶10} The State is not required to also prove a culpable mental state with respect to robbery's physical-harm element in R.C. 2911.02(A)(2)—at least when the charge involves inflicting or threatening to inflict harm on another, as is the case here. *See id.* at ¶ 10, 18, 22 ("[t]he section defining robbery makes clear which elements of the offense require proof of culpability, and the force element in R.C. 2911.02(A)(3) is not one of them); *compare* R.C. 2911.02(A)(3) ("[u]se or threaten the immediate use of force against another") *with* R.C. 2911.02(A)(2) ("[i]nflict, attempt to inflict, or threaten to inflict physical harm on another"). Finally, the Ohio Supreme Court has explained that determinations under the robbery statute are fact-specific. *State v. Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106, ¶ 13 ("[o]ur conclusion in this case is fact-specific, as all determinations under this statute [R.C. 2911.02(A)] must be"). This case is no exception.

### 3. Analysis

**{¶11}** According to Godsey, because he "did not assault Wilson to accomplish a theft, he should not have been convicted of robbery." (Appellant's Brief at 1). While he concedes he committed assault and was therefore properly convicted of domestic violence, Godsey argues he did not commit robbery because he assaulted Wilson and *then* committed the theft of her phone. (*Id.* at 8). He also asserts he "did not possess the specific intent to deprive Wilson of her phone and did not facilitate depriving Wilson of her phone via the assault." (*Id.*)

**{¶12}** As an initial matter, the evidence shows Godsey is incorrect in asserting he did not possess the specific intent to deprive Wilson of her phone. A rational trier of fact certainly could have found the State proved, beyond a reasonable doubt, that Godsey committed theft in violation of R.C. 2913.02(A)(1). Among other evidence, Wilson's testimony at trial demonstrated that Godsey, without consent from the injured Wilson, grabbed her phone and left her house with it (depriving Wilson of both her property and its services).

**{¶13}** Regarding Godsey's allegation he did not intend to assault Wilson in order to steal her phone, again, the State is not required to prove a culpable mental state for inflicting physical harm on another. *See* R.C. 2911.02(A)(2); *Tolliver*, 140 Ohio St.3d 420, 2014-Ohio-3744, at ¶ 10. The robbery statute does not require the State to provide evidence that the defendant inflicted physical harm in furtherance

of the purpose to commit the theft offense. *Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106, at ¶ 13 (the robbery statute "plainly does not require" that the force attendant to the theft offense be inflicted in furtherance of a purpose to deprive another of property); *State v. Stevens*, 11th Dist. Portage No. 2020-P-0043, 2021-Ohio-2643, ¶ 90 (based on *Thomas*, "the aggravated robbery statute does not require evidence that [defendant] attempted to inflict serious physical harm in furtherance of the theft offense").[3]

{¶14} The statute also does not require that the theft precede the physical harm in order to commit physical-harm robbery. *See* R.C. 2911.02(A)(2); *Stevens*, 2021-Ohio-2643, at ¶ 77, 88-91 (rejecting the defendant's argument that "the state failed to present sufficient evidence of aggravated robbery because any harm to [the victim] occurred prior to [defendant's] alleged theft"); *State v. Salvatore*, 8th Dist. Cuyahoga No. 49519, 1985 WL 8632, *4-5 (Sept. 26, 1985) (affirming robbery conviction where, after beating and raping the victim, the defendant then took the coins that had fallen from the victim's pocket). In other words, it does not matter whether Godsey physically harmed Wilson and then committed the theft versus committed the theft and then physically harmed Wilson.

---

[3] The relevant portions of the robbery and aggravated robbery statutes, for purposes of this appeal, are virtually identical. *Compare* R.C. 2911.02(A)(2) *with* R.C. 2911.01(A)(3); *see also Stevens*, 2021-Ohio-2643, at ¶ 90 (explaining the robbery statute and aggravated robbery statute have similar statutory language).

**{¶15}** Instead, the pertinent question becomes: in committing the theft offense (i.e., depriving Wilson of her phone), did Godsey "[i]nflict, attempt to inflict, or threaten to inflict physical harm on" Wilson. R.C. 2911.02(A)(2). Caselaw and a common sense reading of the robbery statute leads to the conclusion that a defendant need not "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another" at the exact same instant that the defendant is physically taking property from its owner in order to be found guilty of physical-harm robbery. *Id.* We have previously said so in explaining that "'simultaneously' is not an element of robbery." *State v. Prude*, 3d Dist. Marion No. 9-90-76, 1991 WL 216794, *3 (Sept. 16, 1991); *see also State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, ¶ 205-06 (rejecting arguments that "the intent to steal must coincide with the infliction of physical harm on the victim" and that "physical harm afflicted before the formation of an intent to commit theft does not elevate a subsequent theft into an aggravated robbery"). However, the statute does require that a defendant "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another" "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense." R.C. 2911.02(A)(2).

**{¶16}** After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find, beyond a reasonable doubt, that in committing the theft offense, Godsey inflicted physical harm on Wilson. *Id.* It is

reasonable to view Wilson's testimony as proving Godsey inflicted physical harm on her in committing the theft offense (e.g., Godsey took the phone as he stopped hitting the battered Wilson, then left). Wilson's testimony does not show there was a delay or lapse between Godsey afflicting physical harm on her and taking her phone. In other words, a jury could reasonable find it was all part of a continuous event, with the harm and theft taking place in the same immediate period of time.

**{¶17}** The evidence here contrasts with, for example, an Eighth District case where the appellate court found insufficient evidence the defendant committed aggravated robbery. *State v. Madera*, 8th Dist. Cuyahoga No. 93764, 2010-Ohio-4884, ¶ 23. In *Madera*, after the defendant put some of the victim's money in his pocket, the victim "sat on the couch for a period of time, and then he and [defendant] began arguing again" and "[t]he argument escalated into a physical altercation." *Id.* at ¶ 22. The appellate court explained:

> Under these specific facts, we find that the lapse in time between the theft and the use of force by Madera on Gould is sufficient to justify reversal of Madera's convictions for aggravated robbery. There was enough delay between the two actions that they could not be considered contemporaneous nor part of 'a single continuous transaction.'

*Id.* at ¶ 23, citing *State v. McDonald*, 8th Dist. Cuyahoga No. 78939, 2001 WL 1671151 (Dec. 6, 2001).

**{¶18}** After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of

robbery proven beyond a reasonable doubt here. Godsey's first assignment of error is overruled.

## B. Second Assignment of Error

{¶19} In the second assignment of error, Godsey argues that, even if the evidence against him regarding the robbery charge was legally sufficient, his conviction was against the manifest weight of the evidence. He bases this argument on contentions that (1) "the only witness who was there, Wilson, testified credibly that while Godsey took her phone after he committed assault, he did not assault her to accomplish the theft," and (2) "[t]he other evidence, introduced by way of the detectives, was at most impeachment evidence, which the jury could not use substantively to convict Godsey." (Appellant's Brief at 8-9).

### 1. Standard of Review

{¶20} The "manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, at ¶ 26. "To evaluate a claim that a jury verdict is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168, citing *Thompkins*, 78

Ohio St.3d at 387. Yet, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

### 2. Analysis

{¶21} For the same reasons we rejected Godsey's sufficiency-of-the-evidence argument, we reject Godsey's manifest-weight-of-the-evidence argument. *See, e.g., Salvatore*, 1985 WL 8632, at *4-5 (affirming robbery conviction); *Stevens*, 2021-Ohio-2643, at ¶ 103-117 (same; aggravated robbery conviction was not against the manifest weight of the evidence). Having evaluated the claim in accordance with the standard above, we do not find the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse the robbery conviction and order a new trial.

{¶22} As shown above, the trial testimony of Wilson—the only eyewitness to the incident—supports convicting Godsey of physical-harm robbery. Additionally, based on our review of the trial transcript, we do not agree with Godsey's assertion that Wilson testified Godsey did not assault her to accomplish the theft. On the contrary, her testimony clearly established that Godsey inflicted physical harm by dragging her down the stairs and by hitting her. Her testimony also supports that, immediately after this assault, Godsey took her phone and left

the residence. This evidence alone is enough to support Godsey's conviction without resorting to the supporting testimony from the responding officer or detective. Godsey's second assignment of error is overruled.

### C. Third Assignment of Error

{¶23} In the third assignment of error, Godsey argues his trial counsel was ineffective in a manner that prejudiced him. He submits three instances of alleged ineffectiveness by his trial counsel: (1) failing to object to inadmissible hearsay through officers recounting what Wilson told them; (2) failing to object to inadmissible testimony by the detective who interviewed Wilson about his expertise with domestic violence victims; and (3) failing to request a theft instruction for Godsey's robbery count.

### 1. Standard of Review and Applicable Law

{¶24} To establish ineffective assistance of counsel, the appellant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 264.

{¶25} Regarding the first requirement, "[i]n order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions

were not trial strategies prompted by reasonable professional judgment." *State v. Houston*, 3d Dist. Shelby No. 17-10-06, 2010-Ohio-6070, ¶ 35, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *Id.*, citing *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998). "Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance." *Id.* at ¶ 36, citing *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). "Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client." *Id.*

{¶26} Regarding the second requirement, "[p]rejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.*, quoting *State v. Bradley*, 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373 (1989). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142.

2.    **Analysis**

        i.    **Officer and detective testimony regarding what Wilson told them**

{¶27} Godsey first argues his "trial counsel was deficient in [his] consistent failure to object to substantive hearsay" during the testimony at trial from both the

police officer and detective, "which connected Godsey to the crimes charged, and [was] highly damaging to Godsey's defense." (Appellant's Brief at 11). For example, Detective Sean Neidemire ("Detective Neidemire"), who interviewed Wilson a few days after the January 1, 2021 incident, testified that Wilson was not completely consistent in what she had told him during the interview and what she had testified to at trial. Namely, according to Detective Neidemire, Wilson had told him in the interview that she had been seated on the stairs with her phone beside her; she reached for her phone; Godsey snatched the phone from her; that is when he dragged her down the stairs; and then Godsey left Wilson's residence. (June 6, 2022 Tr. at 228-29).

{¶28} Even assuming (without deciding) trial counsel was deficient in failing to object to the testimony at issue, Godsey cannot show prejudice resulted. *See State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 253 (rejecting claim of ineffective assistance of counsel because, "even if we assume that counsel were deficient, no prejudice resulted"). In other words, Godsey has not shown a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. As shown above in our analysis overruling the first and second assignments of error, Wilson's testimony alone was adequate to convict Godsey of the Robbery offense. In line with our prior analysis, we find that even had the trial judge sustained an objection from Godsey's trial counsel, struck the testimony at

issue from the record, and instructed the jury to totally disregard it (or had the trial judge permitted the testimony only as impeachment evidence and gave a limiting instruction to the jury), the State's evidence established the elements of robbery. The confidence in the outcome at trial was not undermined. Therefore, we do not find the failure to object to the testimony at issue constituted ineffective assistance of counsel. *See State v. Reynolds*, 80 Ohio St.3d 670, 679, 687 N.E.2d 1358 (1998) (even though counsel should have objected to certain testimony, counsel's failure to object did not rise to the level of ineffective assistance of counsel because appellant could not show prejudice given that there was "no reasonable probability that the outcome would have been different").

### ii. Detective testimony regarding his expertise with domestic violence victims

{¶29} Godsey next argues that his trial counsel was ineffective in failing to object to alleged expert testimony by someone who did not submit an expert report (i.e., by someone not disclosed as an expert). Specifically, Godsey points to Detective Neidemire's testimony in which he allegedly "opine[s] about the credibility of [Wilson's] statements to the jury"—"claiming that it was typical of victims of domestic violence to be 'scared' to testify'" and "'afraid of the person that's assaulted them," opining that "Wilson was 'minimizing things,'" and "vouch[ing] for the credibility of the first statements she made to the police." (Appellant's Brief at 15, quoting June 6, 2022 Tr. at 231-32). According to Godsey,

all of this testimony was expert testimony and, because Detective Neidemire did not submit an expert report in accordance with Crim.R. 16, the testimony would have been precluded at Godsey's trial if not for his counsel's ineffectiveness.

**{¶30}** Even assuming (without deciding) that Detective Neidemire's testimony was improper, the failure to object to such testimony did not constitute ineffective assistance of counsel. Detective Neidemire's testimony was not prejudicial for the same reason the officer and detective testimony regarding what Wilson told them in the police report and police interview was not prejudicial. We find that, even had the trial judge sustained an objection from Godsey's trial counsel, struck the testimony from the record, and instructed the jury to totally disregard it, it would not have made a difference. The confidence in the outcome at trial was not undermined. Godsey "cannot show a reasonable probability that the alleged error resulted in prejudice." *Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, at ¶ 275.

### iii. Failure to request instruction on the lesser-included offense of theft

**{¶31}** Finally, Godsey argues ineffective assistance of counsel because his trial counsel "did not request a theft instruction, despite it being a lesser included offense to robbery." (Appellant's Brief at 16). This argument fails the first requirement to establish ineffective assistance of counsel: deficient performance by counsel. Godsey cannot show that his trial "counsel's actions were not trial strategies prompted by reasonable professional judgment." *Houston*, 2010-Ohio-

6070, at ¶ 35. Again, "[c]ounsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance," and Godsey cannot overcome that presumption regarding his trial counsel's decision not to request a theft instruction. *Id.*

{¶32} The evidence at trial that Godsey committed theft was strong. The evidence that he employed physical harm in committing the theft was a central issue for the jury to decide. The trial transcript demonstrates Godsey's trial counsel knew this, focusing his argument to the jury on the timing of the theft and physical harm— not whether there was a theft. Specifically, defense counsel told the jury: "timing is pretty much everything in this case, the timing of the theft [of the phone] and the assault." (June 7, 2022 Tr. at 321). If the jury had agreed with defense counsel's arguments at trial regarding the robbery charge, then not only would Godsey have been acquitted of robbery, but he would have avoided any potential conviction for theft. In other words, it is apparent Godsey's trial counsel pursued a complete acquittal defense strategy at trial. Therefore, although ultimately unsuccessful, it was not an unreasonable trial tactic for Godsey's trial counsel not to request an instruction on the lesser-included theft offense. *See State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996) ("[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel"), citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189

(1980); *see also State v. Blanton*, 4th Dist. Adams No. 16CA1035, 2018-Ohio-1278, ¶ 128 (rejecting ineffective assistance of counsel argument; "[o]ften times, with respect to 'lesser-included offenses,' defense counsel will make the strategic decision not to request a lesser-included offense jury instruction in the hopes that the jury will outright acquit the defendant on the charged offense, having not been given the option to find guilt as to the lesser-included offense").

{¶33} Godsey's third assignment of error is overruled.

### D. Fourth Assignment of Error

{¶34} In the fourth assignment of error, Godsey submits the trial court committed prejudicial error by not instructing the jury on the lesser-included offense of theft for the robbery count. He contends the trial court should have instructed the jury on the lesser-included theft offense because the facts support a reasonable conclusion that Godsey committed theft but not robbery. The parties do not dispute theft is a lesser-included offense for physical-harm robbery under R.C. 2911.02(A)(2).

#### 1. Standard of Review and Applicable Law

{¶35} As shown in the third assignment of error, Godsey acknowledges his trial counsel did not request a lesser-included theft instruction to robbery. It follows that Godsey's trial counsel also never objected to the court's alleged failure to instruct the jury on the lesser-included offense. Given this background, our review

is limited to plain error. Crim.R. 30(A) ("[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection"); *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 52 (defendant-appellant's "failure to object to the instructions waives all but plain error"); *Clayton*, 62 Ohio St.2d at 46 (reviewing for plain error whether the trial court erred in failing to instruct on lesser-included offenses, where defendant's trial counsel had not raised an objection).

{¶36} To qualify for plain-error relief, the appellant must establish: (1) occurrence of an error, i.e., a deviation from a legal rule; (2) the error was plain, i.e., it was an obvious defect in the trial proceedings; and (3) the error affected the appellant's substantial rights, meaning the error "must have affected the outcome of the trial." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36. Yet, even when an appellant establishes those three prongs, "[n]otice of plain error under CrimR. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *see also Morgan*, 2017-Ohio-7565, at ¶ 37; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 23 ("even if an accused shows that the trial court committed plain error

affecting the outcome of the proceeding, an appellate court is not required to correct it").

### 2. Analysis

**{¶37}** Plain error is not present here. The trial "court's failure to provide jury instructions on lesser-included or inferior-degree offenses does not amount to plain error '[w]hen the decision not to request a particular jury instruction may be deemed to be part of a reasonable trial strategy.'" *State v. Lloyd*, 8th Dist. Cuyahoga No. 109128, 2021-Ohio-1808, ¶ 41, quoting *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, ¶ 27. "'Put differently, a trial court does not commit plain error in failing to provide an unrequested jury instruction where the decision to not request the instruction could be considered trial strategy.'" *Id.*, quoting *State v. Jones*, 4th Dist. Ross No. 16CA3574, 2018-Ohio-239, ¶ 27.

**{¶38}** As shown in our third assignment of error, Godsey's counsel did not request a lesser-included theft instruction to robbery and it is apparent Godsey's trial counsel pursued a complete acquittal defense strategy at trial regarding the robbery count. Again, this was a reasonable trial strategy. Therefore, the trial court did not commit plain error in not providing the jury with the unrequested instruction. *Lloyd* at ¶ 42 ("[h]aving determined that counsel's decision not to request a jury instruction on the lesser-included or inferior-degree offenses fell within a reasonable trial strategy, we find the trial court did not commit plain error in failing to provide the

jury the unrequested instructions"); *State v. Burks*, 9th Dist. Summit No. 27423, 2015-Ohio-1246, ¶ 7 ("in light of [defendant's trial] counsel's decision not to request lesser-included-offense instructions, the trial court's failure to give them does not amount to plain error"); *Clayton*, 62 Ohio St.2d at 47-48 (the fact that the jury only received instructions on the charged offense did not amount to plain error).

**{¶39}** Godsey's fourth assignment of error is overruled.

## IV.    CONCLUSION

**{¶40}** For the foregoing reasons, Godsey's assignments of error are overruled.  Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed.*

**ZIMMERMAN, J. and HESS, J., concur.**

**\*\* Judge Michael D. Hess of the Fourth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**