[Cite as *State v. Wheeler*, 2025-Ohio-5572.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JONATHAN E. WHEELER,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-09

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0048

Judgment Affirmed

Date of Decision: December 15, 2025

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Jonathan E. Wheeler ("Wheeler"), appeals from the March 17, 2025 Judgment Entry issued by the Allen County Court of Common Pleas, following a jury trial and sentencing. Wheeler argues that his conviction for aggravated robbery was not supported by sufficient evidence. For the reasons that follow, we affirm.

## I.   FACTS AND PROCEDURAL HISTORY

{¶2} On April 11, 2024, the Allen County Grand Jury indicted Wheeler on two counts. The first count was for rape, in violation of R.C. 2907.02(A)(2), as a first-degree felony. The second count was for aggravated robbery, in violation of R.C. 2911.01(A)(3), as a first-degree felony. The charges arose from an altercation between Wheeler and the victim, K.K., on February 10, 2024. The case proceeded to trial from February 4 to 7, 2025.

{¶3} During the trial, K.K. testified she was alone in a camper with Wheeler. They got into an argument, Wheeler threatened her, grabbed her by the back of the head, and then sexually assaulted her. While Wheeler was allegedly raping K.K., she kicked him off of her and ran out of the camper. Wheeler chased after K.K., caught up with her, and strangled and punched her repeatedly in the face, resulting in her temporarily losing consciousness. She regained consciousness and saw Wheeler standing over her and reaching into her purse—where she kept her wallet

with her identification, social security card, birth certificate, and a bank card. Wheeler took K.K.'s wallet and ran. K.K. never got the wallet or its contents back, and she did not give Wheeler permission to take those items from her.

{¶4} The jury found Wheeler not guilty of rape but guilty of aggravated robbery. The trial court sentenced him to a prison term of six to nine years. This appeal followed.

## II.     ASSIGNMENT OF ERROR

{¶5} Wheeler raises a single assignment of error for our review:

**Assignment of Error**

**Appellant's conviction was not supported by sufficient evidence.**

## III.    DISCUSSION

{¶6} In the assignment of error, Wheeler makes two arguments to support his contention that his conviction for aggravated robbery was not supported by sufficient evidence. First, the evidence at trial was insufficient to demonstrate that he intended to deprive K.K. of her purse and its contents. Second, the evidence was insufficient to demonstrate that he inflicted the serious physical harm on K.K. "in attempting or committing a theft offense." R.C. 2911.01(A)(3).

### A.     Standard of Review

{¶7} Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Dent*, 2020-Ohio-6670, ¶ 15. Thus, our review is de novo. *Id.* A sufficiency challenge disputes whether a party met its burden of production

at trial. *State v. Messenger*, 2022-Ohio-4562, ¶ 26. "In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Dent* at ¶ 15, citing *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. Thus, "[i]n assessing the sufficiency of the evidence, we do not resolve evidentiary conflicts or assess the credibility of witnesses." *State v. Jackson*, 2023-Ohio-2193, ¶ 26 (3d Dist.); *see also Jenks* at 279.

## B.   Applicable Law

{¶8} The portion of the aggravated robbery statute Wheeler was convicted of violating provides, "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code . . . shall . . . [i]nflict, or attempt to inflict, serious physical harm on another." R.C. 2911.01(A)(3). In turn, R.C. 2913.01(K) includes a violation of R.C. 2913.02 as a "theft offense." That theft statute states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [w]ithout the consent of the owner or person authorized to give consent." R.C.

2913.02(A)(1). The term "deprive" includes withholding property of another permanently or for a period that appropriates a substantial portion of its value or use. R.C. 2913.01(C)(1). It also includes "[d]ispos[ing] of property so as to make it unlikely that the owner will recover it." R.C. 2913.01(C)(2).

{¶9} Neither the robbery statute (R.C. 2911.02(A)(2)) nor the aggravated robbery statute (R.C. 2911.01(A)(3)) requires the State to provide evidence that the defendant inflicted physical harm (or, in the case of aggravated robbery, serious physical harm) in furtherance of the purpose to commit the theft offense.[1] *State v. Godsey*, 2024-Ohio-629, ¶ 13 (3d Dist.); *State v. Thomas*, 2005-Ohio-4106, ¶ 13 (the robbery statute "plainly does not require" that the force attendant to the theft offense be inflicted in furtherance of a purpose to deprive another of property); *State v. Stevens*, 2021-Ohio-2643, ¶ 90 (11th Dist.) (based on *Thomas*, "the aggravated robbery statute does not require evidence that [defendant] attempted to inflict serious physical harm in furtherance of the theft offense"). Those statutes also do not require that the theft precede the physical harm (or serious physical harm) in order to commit physical-harm aggravated robbery under R.C. 2911.01(A)(3) or physical-harm robbery under R.C. 2911.02(A)(2). *Godsey* at ¶ 14; *Stevens* at ¶ 77, 88-91 (rejecting the defendant's argument that "the state failed to present sufficient

---

[1] The relevant portions of the robbery and aggravated robbery statutes, for purposes of this appeal, are virtually identical. *Compare* R.C. 2911.02(A)(2) *with* R.C. 2911.01(A)(3); *see also State v. Godsey*, 2024-Ohio-629, ¶ 13 fn. 3 (3d Dist.) (involving physical-harm robbery); *State v. Stevens*, 2021-Ohio-2643, ¶ 90 (11th Dist.) (explaining the robbery statute and aggravated robbery statute have similar statutory language).

evidence of aggravated robbery because any harm to [the victim] occurred prior to [defendant's] alleged theft").

### C. Analysis

{¶10} Wheeler makes several concessions as part of his appeal. He "does not contest that he inflicted serious physical harm to K.K. by choking her to unconsciousness." (Appellant's Brief at 4). He also "does not contest that he took K.K.'s purse while she was unconscious." (Id.). Additionally, in his recorded interviews and jail calls, he "admitted to beating K.K. and also admitted to taking her purse and tossing it." (Id.).

{¶11} First, Wheeler argues the evidence was insufficient to demonstrate he inflicted serious physical harm with the intent to deprive K.K. of her purse and its contents. Rather, he claims the serious physical harm resulted when he chased K.K. and caught her after she kicked him in order to escape the alleged sexual assault. He asserts the evidence at trial demonstrates that he "impulsively" took K.K.'s purse and "tossed it away aimlessly." (Id.).

{¶12} However, when viewed in a light most favorable to the prosecution, the evidence at trial was sufficient to allow the jury to find, beyond a reasonable doubt, that Wheeler had the "purpose to deprive" K.K. of her property as required by R.C. 2913.02(A)(1) and inflicted serious physical harm upon her while attempting to commit the theft offense. Among other evidence, K.K. testified that, after Wheeler strangled and punched her, she regained consciousness and saw

Wheeler standing over her, reaching into her purse. According to K.K., Wheeler then took her wallet (including its contents) and ran away. K.K. never got the wallet or its contents back, and she did not give Wheeler permission to take those items from her. A rational trier of fact could have found the State proved, beyond a reasonable doubt, that Wheeler either withheld K.K.'s property "for a period that appropriates a substantial portion of its value or use" or "[d]ispose[d] of [her] property so as to make it unlikely that [she] will recover it." R.C. 2913.01(C)(1), (2); *see also Godsey*, 2024-Ohio-629, at ¶ 12 (3d Dist.) (evidence supported that defendant possessed the specific intent to deprive the victim of her phone). Wheeler does not otherwise contend the evidence was insufficient to find he committed, or attempted to commit, a theft offense, as an element of aggravated robbery.

{¶13} Second, Wheeler argues the evidence was insufficient to find he inflicted the serious physical harm on K.K. "in attempting or committing a theft offense." R.C. 2911.01(A)(3). He contends there was "enough delay" between his act of choking K.K. to unconsciousness and his act of taking her purse such that they cannot "be considered contemporaneous nor part of 'a single continuous transaction.'" (Appellant's Brief at 8).

{¶14} The pertinent question is whether, in committing the theft of the wallet and its contents, Wheeler inflicted the serious physical harm on K.K. *See Godsey*, 2024-Ohio-629, at ¶ 11, 15 (3d Dist.). As stated above, it does not matter whether Wheeler harmed K.K. and then committed the theft versus committed the theft and

then harmed K.K. Additionally, we have previously stated: "Caselaw and a common sense reading of the robbery statute leads to the conclusion that a defendant need not '[i]nflict, attempt to inflict, or threaten to inflict physical harm on another' at the exact same instant that the defendant is physically taking property from its owner in order to be found guilty of physical-harm robbery." *Id.* at ¶ 15, quoting R.C. 2911.02(A)(2). We find the same logic applicable to aggravated robbery committed in violation of R.C. 2911.01(A)(3).

{¶15} After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find, beyond a reasonable doubt, that in committing the theft offense Wheeler inflicted serious physical harm on K.K. It is reasonable to view K.K.'s testimony as proving Wheeler inflicted serious physical harm on her in committing the theft offense, namely that he took her wallet as he stopped strangling and hitting her, then left with the wallet. *See Godsey*, 2024-Ohio-629, at ¶ 16 (3d Dist.); *State v. Salvatore*, 1985 WL 8632, *4-5 (8th Dist. Sept. 26, 1985) (affirming robbery conviction where, after beating and raping the victim, the defendant took the coins that had fallen from the victim's pocket). Wheeler's concessions and K.K.'s "testimony does not show there was a delay or lapse between [Wheeler] afflicting the [serious] physical harm on her and taking her" wallet. *Godsey*, 2024-Ohio-629, at ¶ 16 (3d Dist.); *compare State v. Griggs*, 2012-Ohio-1837, ¶ 2-3, 13 (8th Dist.) (insufficient evidence defendant committed robbery where defendant used force against the victim by rubbing and holding her, then after

the victim had walked away, called 911, spoke with emergency responders, and told defendant she was calling to have him arrested, defendant took the phone from victim's hand). A jury could reasonably find the acts of strangling and beating K.K., taking her purse while she was unconscious, and removing her wallet from her purse and running away with it were "all part of a continuous event, with the harm and theft taking place in the same immediate period of time." *Godsey*, 2024-Ohio-629, at ¶ 16 (3d Dist.); *compare State v. Madera*, 2010-Ohio-4884, ¶ 22-23 (8th Dist.) (insufficient evidence defendant committed aggravated robbery where there was enough delay between the theft and the physical altercation that they could not be considered contemporaneous nor part of a single continuous transaction). Therefore, we reject Wheeler's arguments.

## IV.   CONCLUSION

{¶16} For the foregoing reasons, Appellant's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 1-25-09

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge

DATED:
/jlm

-10-